IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| GABRIELLE RUIJNE, Individually and as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased and MARCELL RUIJNE, <br><br> Plaintiffs, <br><br> vs. <br><br> ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, an Illinois Not-for-Profit Corporation d/b/a ST. ELIZABETH'S HOSPITAL, HSHS MEDICAL GROUP, INC., SAINT LOUIS UNIVERSITY, a Not-for-Profit Corporation, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., MARJORIE GUTHRIE, M.D., and JENNIFER RAY, M.D., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> 16-L-142 <br><br> **PLAINTIFFS DEMAND TRIAL BY JURY** <br><br> FILED <br> ST. CLAIR COUNTY <br><br> MAY 1 8 2016 <br><br> 22  Kahleh a. Clay <br> CIRCUIT CLERK |

## FIRST AMENDED COMPLAINT

### COUNT 1:
### WRONGFUL DEATH AGAINST ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, AN ILLINOIS NOT-FOR-PROFIT CORPORATION d/b/a ST. ELIZABETH'S HOSPITAL

COMES NOW the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the

Estate of AMELIA CLAIRE RUIJNE, deceased, by and through her attorney, STEVEN E.

KATZMAN, and for Count 1 of her cause of action against the Defendant, ST. ELIZABETH'S

HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, an

Illinois Not-for-Profit Corporation d/b/a ST. ELIZABETH'S HOSPITAL, states to the Court as

follows:

1.     At all relevant times mentioned herein, the Plaintiff, GABRIELLE RUIJNE, was

an individual residing in St. Clair County, State of Illinois.

Exhibit A

2.     Plaintiff, GABRIELLE RUIJNE, has been appointed Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased. A copy of the Letters of Office is attached hereto and made a part hereof and marked as "Exhibit A".

3.     That AMELIA CLAIRE RUIJNE left surviving next of kin as follows:

    a.  Gabrielle Ruijne, her mother

    b.  Marcell Ruijne, her father

4.     The Defendant, St. Elizabeth's Hospital of the Hospital Sisters of the Third Order of St. Francis (hereinafter "St. Elizabeth's Hospital") is now and was at all times herein-mentioned a duly organized not-for-profit corporation existing under the laws of Illinois and engaged in the business of providing medical services to the general public including Gabrielle Ruijne with its principal place of business located at 211 South 3rd Street, Belleville, Illinois 62220 in St. Clair County, Illinois. At all times herein-mentioned, Defendant, St. Elizabeth's Hospital, employed physicians, nurses, and other medical providers for providing medical services and all such persons were at all times acting as the agents, servants, and employees of St. Elizabeth's Hospital and were at all times acting within the scope and course of their employment.

5.     At all relevant times herein-mentioned, St. Elizabeth's Hospital was involved in a partnership with Saint Louis University and Southern Illinois Healthcare Foundation, referred to as the Saint Louis University Family Medicine Residency Program. At all times herein-mentioned, the agents, servants and/or employees of Saint Louis University, including but not limited to its physicians, residents, and other healthcare providers, and Southern Illinois Healthcare Foundation, including but not limited to its physicians, residents, and other healthcare providers, were at all times acting as the agents, servants, and/or employees of St. Elizabeth's Hospital and were at all times acting within the scope and course of their employment and/or agency.

6.     At all times mentioned herein it was the duty of the Defendant, St. Elizabeth's Hospital, by and through its agents, servants and/or employees, all of whom were acting within the

course and scope of their employment, to exercise reasonable care in the examination, diagnosis, delivery, resuscitation, care, and treatment of Plaintiff, GABRIELLE RUIJNE and Amelia Claire Ruijne, so as not to injure or harm Gabrielle Ruijne and/or her child, Amelia Claire Ruijne.

7.     That Defendant, St. Elizabeth's Hospital, by and through its agents, servants and/or employees, all of whom were acting within the course and scope of their employment, deviated from the acceptable standard of medical care.

8.     At all times relevant to this complaint, the Plaintiff, GABRIELLE RUIJNE, relied upon the Defendant, St. Elizabeth's Hospital, to provide appropriate services through its healthcare providers, including but not limited to its physicians, nurses, respiratory therapists, other healthcare providers, agents, servants, or employees or apparent agents, as well as Saint Louis University and Southern Illinois Healthcare Foundation.

9.     On or about July 9, 2013, the Plaintiff, GABRIELLE RUIJNE, visited the Belleville Family Practice Clinic where she was informed of her positive pregnancy test.

10.     On November 12, 2013, the Plaintiff, underwent an obstetric sonogram which provided an estimated delivery date by ultrasound of March 10, 2014 and an estimated delivery date by last menstrual period of March 14, 2014.

11.     The Plaintiff, GABRIELLE RUIJNE, continued to regularly visit the Belleville Family Practice Clinic for prenatal check-ups.

12.     On or about March 18, 2014, Plaintiff, GABRIELLE RUIJNE, presented to St. Elizabeth's Hospital expressing concerns of leaking, contractions, and that the baby was not moving as much as she should.  She was discharged and scheduled for a fetal non-stress test on March 19, 2014.

13.     On or about March 19, 2014, Plaintiff presented to the Belleville Family Medicine Clinic for an OB exam.  She was given a normal prenatal checkup and scheduled for induction on the evening of March 20, 2014.

14. On or about March 19, 2014, Gabrielle Ruijne returned to St. Elizabeth's Hospital where she was admitted to the Labor and Delivery Department at 20:46:00.

15. On or about March 20, 2014, at 15:50:41, Gabrielle Ruijne signed an operative consent for a cesarean section.

16. On or about March 20, 2014, at 16:57:00, a cesarean section was called by Marjorie Guthrie, M.D. and Gabrielle Ruijne was readied for a cesarean section.

17. On or about March 20, 2014, at 17:40:00, Amelia Claire Ruijne was born with a limp blue presentation.

18. On or about March 20, 2014, at 18:22:00, after unsuccessful resuscitation efforts, Amelia Claire Ruijne was pronounced dead at St. Elizabeth's Hospital in Belleville, Illinois.

19. At the time and place aforesaid, the Defendant, St. Elizabeth's Hospital, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, as well as Saint Louis University and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

   a.   Negligently and carelessly failed to provide properly trained physicians and nurses to monitor the Plaintiff, GABRIELLE RUIJNE's, condition;

   b.   Negligently and carelessly failed to have and/or enforce nursing protocol for its labor and delivery nurses to seek assistance through the chain of command;

   c.   Negligently and carelessly failed to have competent supervisory staff to check the patients being treated by the residents in its program;

   d.   Negligently and carelessly failed to properly monitor the development and status of the unborn fetus;

e.    Negligently and carelessly failed to properly administer Pitocin;

f.    Negligently and carelessly failed to properly administer Pitocin given the resting pressure of the fetus;

g.    Negligently and carelessly failed to properly respond to increased uterine resting pressures;

h.    Negligently and carelessly failed to properly monitor the fetal heart rate and deliver the baby in a timely fashion;

i.    Negligently and carelessly failed to determine that a cesarean section was required in a timely manner when it knew or should have known that the procedure was necessary to save the life Amelia Claire Ruijne;

j.    Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to save the life of Amelia Claire Ruijne;

k.    Negligently and carelessly failed to provide medical personnel adequately trained in performing caesarian sections;

l.    Negligently and carelessly failed to recognize that Amelia Claire Ruijne was not tolerating labor;

m.    Negligently and carelessly failed to adequately monitor and evaluate and treat Gabrielle Ruijne's contractions;

n.    Negligently and carelessly failed to recognize the nuchal cord being wrapped around the neck of Amelia Claire Ruijne;

o.    Negligently and carelessly failed to properly resuscitate Amelia Claire Ruijne;

p.    Negligently and carelessly failed to properly intubate Amelia Claire Ruijne;

q.      Negligently and carelessly failed to intubate Amelia Claire Ruijne in a timely fashion;

r.      Negligently and carelessly failed to utilize the proper sized endotracheal tube during resuscitation, specifically using a 3.0 mm tube when a larger tube was required;

s.      Negligently and carelessly failed to utilize the proper sized umbilical catheter during resuscitation;

t.      Negligently and carelessly failed to adequately perform CPR in a timely fashion;

u.      Negligently and carelessly failed to administer epinephrine in a timely fashion;

v.      Negligently and carelessly failed to administer epinephrine in a proper fashion;

w.      Negligently and carelessly failed to follow-up on Gabrielle's symptoms and concerns;

x.      Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby;

y.      Negligently and carelessly failed to discover and/or recognize meconium stained fluid on Amelia Claire Ruijne;

z.      Negligently and carelessly failed to have at least one individual who is capable of initiating neonatal resuscitation present at the delivery of the baby;

aa.     Negligently and carelessly failed to appreciate the maternal, fetal, and neonatal conditions and/or risk factors that indicated a higher risk for the necessity of neonatal resuscitation;

bb.    Negligently and carelessly failed to have an OB-GYN present during labor and/or delivery of the baby;

cc.    Negligently and carelessly failed to notify Gabrielle Ruijne that there was not an OB-GYN present during labor and/or delivery of the baby;

dd.    Negligently and carelessly failed to follow resuscitation protocol;

ee.    Negligently and carelessly failed to provide proper and adequate documentation of the treatment of Gabrielle Ruijne and Amelia Claire Ruijne;

ff.    Otherwise negligently and carelessly provided inadequate hospital services to the Plaintiff, Gabrielle Ruijne, and Amelia Claire Ruijne.

20.    That St. Elizabeth's Hospital, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, as well as Saint Louis University and Southern Illinois Healthcare Foundation, deviated from the acceptable standard of medical care.

21.    As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions, Amelia Claire Ruijne, was pronounced dead on March 20, 2014.

22.    That the aforesaid negligent acts or omissions of Defendant, St. Elizabeth's Hospital, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, as well as Saint Louis University and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their employment, were the direct and proximate cause of Amelia Claire Ruijne's death.

23.    Based on the foregoing, the Defendant, St. Elizabeth's Hospital, is vicariously liable to the Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, deceased, for the negligent and wrongful conduct of its agents, servants and/or employees,

including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, as well as Saint Louis University and Southern Illinois Healthcare Foundation.

24.     The Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, deceased, brings this action pursuant to the provisions of the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

25.     That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit B") and a Report from a Health Care Professional ("See Exhibit C").

26.     As a direct and proximate cause of the negligence of Defendant, St. Elizabeth's Hospital, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, as well as Saint Louis University and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their employment, Amelia Claire Ruijne was pronounced dead and the heirs of Amelia Claire Ruijne, deceased, have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her benefits, services, society, companionship, consortium, love, affection, care, and support and have suffered grief, sorrow and mental suffering.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, prays for judgment against the Defendant, ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, an Illinois Not-for-Profit Corporation d/b/a ST. ELIZABETH'S HOSPITAL, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

### COUNT II:
### SURVIVAL ACTION AGAINST ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, AN ILLINOIS NOT-FOR-PROFIT CORPORATION d/b/a ST. ELIZABETH'S HOSPITAL

COMES NOW the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, by and through her attorney, STEVEN E. KATZMAN, and for Count II of her cause of action against the Defendant, ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, an Illinois Not-for-Profit Corporation d/b/a ST. ELIZABETH'S HOSPITAL, states to the Court as follows:

1-18.   Plaintiff adopts and incorporates the allegations in paragraphs 1-18 of Count I of this Complaint, including all subparagraphs as in for paragraphs 1-18 of Count II of this Complaint.

19.   At the time and place aforesaid, the Defendant, St. Elizabeth's Hospital, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, as well as Saint Louis University and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

      a.   Negligently and carelessly failed to provide properly trained physicians and nurses to monitor the Plaintiff, GABRIELLE RUIJNE's, condition;

b.  Negligently and carelessly failed to have and/or enforce nursing protocol for its labor and delivery nurses to seek assistance through the chain of command;

c.  Negligently and carelessly failed to have competent supervisory staff to check the patients being treated by the residents in its program;

d.  Negligently and carelessly failed to properly monitor the development and status of the unborn fetus;

e.  Negligently and carelessly failed to properly administer Pitocin;

f.  Negligently and carelessly failed to properly administer Pitocin given the resting pressure of the fetus;

g.  Negligently and carelessly failed to properly respond to increased uterine resting pressures;

h.  Negligently and carelessly failed to properly monitor the fetal heart rate and deliver the baby in a timely fashion;

i.  Negligently and carelessly failed to determine that a cesarean section was required in a timely manner when it knew or should have known that the procedure was necessary to save the life Amelia Claire Ruijne;

j.  Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to save the life of Amelia Claire Ruijne;

k.  Negligently and carelessly failed to provide medical personnel adequately trained in performing caesarian sections;

l.  Negligently and carelessly failed to provide medical personnel adequately trained in performing caesarian sections;

m.    Negligently and carelessly failed to recognize that Amelia Claire Ruijne was not tolerating labor;

n.    Negligently and carelessly failed to adequately monitor and evaluate and treat Gabrielle Ruijne's contractions;

o.    Negligently and carelessly failed to recognize the nuchal cord being wrapped around the neck of Amelia Claire Ruijne;

p.    Negligently and carelessly failed to properly resuscitate Amelia Claire Ruijne;

q.    Negligently and carelessly failed to properly intubate Amelia Claire Ruijne;

r.    Negligently and carelessly failed to intubate Amelia Claire Ruijne in a timely fashion;

s.    Negligently and carelessly failed to utilize the proper sized endotracheal tube during resuscitation, specifically using a 3.0 mm tube when a larger tube was required;

t.    Negligently and carelessly failed to utilize the proper sized umbilical catheter during resuscitation;

u.    Negligently and carelessly failed to adequately perform CPR in a timely fashion;

v.    Negligently and carelessly failed to administer epinephrine in a timely fashion;

w.    Negligently and carelessly failed to administer epinephrine in a proper fashion;

x.    Negligently and carelessly failed to follow-up on Gabrielle's symptoms and concerns;

y.      Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby;

z.      Negligently and carelessly failed to discover and/or recognize meconium stained fluid on Amelia Claire Ruijne;

aa.     Negligently and carelessly failed to have at least one individual who is capable of initiating neonatal resuscitation present at the delivery of the baby;

bb.     Negligently and carelessly failed to appreciate the maternal, fetal, and neonatal conditions and/or risk factors that indicated a higher risk for the necessity of neonatal resuscitation;

cc.     Negligently and carelessly failed to have an OB-GYN present during labor and/or delivery of the baby;

dd.     Negligently and carelessly failed to notify Gabrielle Ruijne that there was not an OB-GYN present during labor and/or delivery of the baby;

ee.     Negligently and carelessly failed to follow resuscitation protocol;

ff.     Negligently and carelessly failed to provide proper and adequate documentation of the treatment of Gabrielle Ruijne and Amelia Claire Ruijne;

gg.     Otherwise negligently and carelessly provided inadequate hospital services to the Plaintiff, Gabrielle Ruijne, and Amelia Claire Ruijne.

20.     That St. Elizabeth's Hospital, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, as well as Saint Louis University and Southern Illinois Healthcare Foundation, deviated from the acceptable standard of medical care.

21. As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions, Amelia Claire Ruijne, sustained injuries and experienced conscious pain and suffering prior to her death on March 20, 2014.

22. That the aforesaid negligent acts or omissions of Defendant, St. Elizabeth's Hospital, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, as well as Saint Louis University and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their employment, were the direct and proximate cause of Amelia Claire Ruijne's injuries and conscious pain and suffering prior to her death on March 20, 2014.

23. Based on the foregoing, the Defendant, St. Elizabeth's Hospital, is vicariously liable to the Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, deceased, for the negligent and wrongful conduct of its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, as well as Saint Louis University and Southern Illinois Healthcare Foundation.

24. That suit is being filed pursuant to 755 ILCS 5/27-6 for personal injuries to Amelia Claire Ruijne.

25. That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit B") and a Report from a Health Care Professional ("See Exhibit C").

26. As a direct and proximate result of the breach of the applicable standard of medical care by the Defendant, ST. ELIZABETH'S HOSPITAL, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, as well as Saint Louis University and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their employment, AMELIA CLAIRE RUIJNE experienced severe conscious pain and suffering.

27.     As a direct and proximate cause of the negligence of Defendant, ST. ELIZABETH'S HOSPITAL, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, as well as Saint Louis University and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their employment, AMELIA CLAIRE RUIJNE's next of kin have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her services, society, companionship, consortium, love, affection, and support and have suffered grief, sorrow and mental suffering and moreover, they are entitled to recover damages for AMELIA CLAIRE RUIJNE's pain and suffering incurred before her death and for which she would have been entitled to recover had she survived. Further, Amelia Claire Ruijne's estate was diminished by virtue of the medical, hospital, and funeral expenses incurred.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, prays for judgment against the Defendant, ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, an Illinois Not-for-Profit Corporation d/b/a ST. ELIZABETH'S HOSPITAL, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorney for Plaintiff
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

## COUNT III:

16-L-142
Page 14 of 125

## WRONGFUL DEATH AGAINST HSHS MEDICAL GROUP, INC.

COMES NOW the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, by and through her attorney, STEVEN E. KATZMAN, and for Count III of her cause of action against the Defendant, HSHS MEDICAL GROUP, INC., states to the Court as follows:

1.     At all relevant times mentioned herein, the Plaintiff, GABRIELLE RUIJNE, was an individual residing in St. Clair County, State of Illinois.

2.     Plaintiff, GABRIELLE RUIJNE, has been appointed Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased.  A copy of the Letters of Office is attached hereto and made a part hereof and marked as "Exhibit A".

3.     That AMELIA CLAIRE RUIJNE left surviving next of kin as follows:

      a.  Gabrielle Ruijne, her mother

      b.  Marcell Ruijne, her father

4.     The Defendant, HSHS Medical Group, Inc., is now and was at all times herein-mentioned a duly organized not-for-profit corporation existing under the laws of Illinois and engaged in the business of providing medical services to the general public, including Gabrielle Ruijne.  At all times herein-mentioned, Defendant, HSHS Medical Group, Inc., employed physicians, nurses, and other personnel for providing medical services to patients at St. Elizabeth's Hospital and further, held itself out to be a reasonably well-qualified medical care provider.  All such persons were at all times acting as the agents, servants, and/or employees of HSHS Medical Group, Inc. and were at all times acting within the scope and course thereof.

5.     At all times mentioned herein it was the duty of the Defendant, HSHS Medical Group, Inc., by and through its agents, servants and/or employees, including but not limited to Jennifer Ray, M.D., additional physicians, nursing staff, and other healthcare providers, all of whom were acting within the course and scope of their employment, to exercise reasonable care in the examination,

diagnosis, delivery, resuscitation, care, and treatment of Plaintiff, GABRIELLE RUIJNE and Amelia Claire Ruijne, so as not to injure or harm Gabrielle Ruijne and/or her child, Amelia Claire Ruijne.

6.     That Defendant, HSHS Medical Group, Inc., by and through its agents, servants and/or employees, including but not limited to Jennifer Ray, M.D., additional physicians, nursing staff and other healthcare providers, all of whom were acting within the course and scope of their employment, deviated from the acceptable standard of medical care.

7.     At all times relevant to this complaint, the Plaintiff, GABRIELLE RUIJNE, relied upon the Defendant, HSHS Medical Group, Inc., to provide appropriate services through its physicians, including but not limited to Jennifer Ray, M.D., nurses, other healthcare providers, agents, servants, employees or apparent agents.

8.     On or about July 9, 2013, the Plaintiff, GABRIELLE RUIJNE, visited the Belleville Family Practice Clinic where she was informed of her positive pregnancy test.

9.     On November 12, 2013, the Plaintiff, underwent an obstetric sonogram which provided an estimated delivery date by ultrasound of March 10, 2014 and an estimated delivery date by last menstrual period of March 14, 2014.

10.     The Plaintiff, GABRIELLE RUIJNE, continued to regularly visit the Belleville Family Practice Clinic for prenatal check-ups.

11.     On or about March 18, 2014, Plaintiff, GABRIELLE RUIJNE, presented to St. Elizabeth's Hospital expressing concerns of leaking, contractions, and that the baby was not moving as much as she should.  She was discharged and scheduled for a fetal non-stress test on March 19, 2014.

12.     On or about March 19, 2014, Plaintiff presented to the Belleville Family Medicine Clinic for an OB exam.  She was given a normal prenatal checkup and scheduled for induction on the evening of March 20, 2014.

13.     On or about March 19, 2014, Gabrielle Ruijne returned to St. Elizabeth's Hospital where she was admitted to the Labor and Delivery Department at 20:46:00.

14.     On or about March 20, 2014, at 15:50:41, Gabrielle Ruijne signed an operative consent for a cesarean section.

15.     On or about March 20, 2014, at 16:57:00, a cesarean section was called and Gabrielle Ruijne was readied for a cesarean section.

16.     On or about March 20, 2014, at 17:40:00, Amelia Claire Ruijne was born with a limp blue presentation.

17.     On or about March 20, 2014, at 18:22:00, after unsuccessful resuscitation efforts, Amelia Claire Ruijne was pronounced dead at St. Elizabeth's Hospital in Belleville, Illinois.

18.     At the time and place aforesaid, the Defendant, HSHS Medical Group, Inc., by and through its agents, servants and/or employees, including but not limited to Jennifer Ray, M.D., additional physicians, nursing staff and other healthcare providers, all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

   a.     Negligently and carelessly failed to provide properly trained physicians and nurses to monitor the Plaintiff, GABRIELLE RUIJNE's, condition;

   b.     Negligently and carelessly failed to have and/or enforce nursing protocol for its labor and delivery nurses to seek assistance through the chain of command;

   c.     Negligently and carelessly failed to properly monitor the development and status of the unborn fetus;

   d.     Negligently and carelessly failed to properly administer Pitocin;

e.  Negligently and carelessly failed to properly administer Pitocin given the resting pressure of the fetus;

f.  Negligently and carelessly failed to properly respond to increased uterine resting pressures;

g.  Negligently and carelessly failed to properly monitor the fetal heart rate and deliver the baby in a timely fashion;

h.  Negligently and carelessly failed to determine that a cesarean section was required in a timely manner when it knew or should have known that the procedure was necessary to save the life Amelia Claire Ruijne;

i.  Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to save the life of Amelia Claire Ruijne;

j.  Negligently and carelessly failed to provide medical personnel adequately trained in performing caesarian sections;

k.  Negligently and carelessly failed to recognize that Amelia Claire Ruijne was not tolerating labor;

l.  Negligently and carelessly failed to adequately monitor and evaluate and treat Gabrielle Ruijne's contractions;

m.  Negligently and carelessly failed to recognize the nuchal cord being wrapped around the neck of Amelia Claire Ruijne;

n.  Negligently and carelessly failed to properly resuscitate Amelia Claire Ruijne;

o.  Negligently and carelessly failed to properly intubate Amelia Claire Ruijne;

p.  Negligently and carelessly failed to intubate Amelia Claire Ruijne in a timely fashion;

q.  Negligently and carelessly failed to utilize the proper sized endotracheal tube during resuscitation, specifically using a 3.0 mm tube when a larger tube was required;

r.  Negligently and carelessly failed to utilize the proper sized umbilical catheter during resuscitation;

s.  Negligently and carelessly failed to adequately perform CPR in a timely fashion;

t.  Negligently and carelessly failed to administer epinephrine in a timely fashion;

u.  Negligently and carelessly failed to administer epinephrine in a proper fashion;

v.  Negligently and carelessly failed to follow-up on Gabrielle's symptoms and concerns;

w.  Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby;

x.  Negligently and carelessly failed to discover and/or recognize meconium stained fluid on Amelia Claire Ruijne;

y.  Negligently and carelessly failed to have at least one individual who was capable of initiating neonatal resuscitation present at the delivery of the baby;

z.  Negligently and carelessly failed to appreciate the maternal, fetal, and neonatal conditions and/or risk factors that indicated a higher risk for the necessity of neonatal resuscitation;

aa.  Negligently and carelessly failed to have an OB-GYN present during labor and/or delivery of the baby;

bb.    Negligently and carelessly failed to notify Gabrielle Ruijne that there was not an OB-GYN present during labor and/or delivery of the baby;

cc.    Negligently and carelessly failed to follow resuscitation protocol;

dd.    Negligently and carelessly failed to provide proper and adequate documentation of the treatment of Gabrielle Ruijne and Amelia Claire Ruijne;

ee.    Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, Gabrielle Ruijne, and Amelia Claire Ruijne.

19.    That HSHS Medical Group, Inc., by and through its agents, servants and/or employees, including but not limited to Jennifer Ray, M.D., additional physicians, nursing staff and other healthcare providers, deviated from the acceptable standard of medical care.

20.    As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions, Amelia Claire Ruijne, was pronounced dead on March 20, 2014 at St. Elizabeth's Hospital in Belleville, Illinois.

21.    That the aforesaid negligent acts or omissions of Defendant, HSHS Medical Group, Inc., by and through its agents, servants and/or employees, including but not limited to Jennifer Ray, M.D., additional physicians, nursing staff and other healthcare providers, all of whom were acting within the course and scope of their employment, were the direct and proximate cause of Amelia Claire Ruijne's death.

22.    Based on the foregoing, the Defendant, HSHS Medical Group, Inc., is vicariously liable to the Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, deceased, for the negligent and wrongful conduct of its agents, servants and/or employees, including but not limited to Jennifer Ray, M.D., additional physicians, nursing staff and other healthcare providers.

23.     The Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, deceased, brings this action pursuant to the provisions of the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

24.     That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit D") and a Report from a Health Care Professional ("See Exhibit E").

25.     As a direct and proximate cause of the negligence of Defendant, HSHS Medical Group, Inc., by and through its agents, servants and/or employees, including but not limited to Jennifer Ray, M.D., additional physicians, nursing staff and other healthcare providers, all of whom were acting within the course and scope of their employment, Amelia Claire Ruijne was pronounced dead and the heirs of Amelia Claire Ruijne, deceased, have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her benefits, services, society, companionship, consortium, love, affection, care, and support and have suffered grief, sorrow and mental suffering.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, prays for judgment against the Defendant, HSHS MEDICAL GROUP, INC., in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

## COUNT IV:
## SURVIVAL ACTION AGAINST HSHS MEDICAL GROUP, INC.

COMES NOW the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, by and through her attorney, STEVEN E. KATZMAN, and for Count IV of her cause of action against the Defendant, HSHS MEDICAL GROUP, INC., states to the Court as follows:

1-17.   Plaintiff adopts and incorporates the allegations in paragraphs 1-17 of Count III of this Complaint, including all subparagraphs as in for paragraphs 1-17 of Count IV of this Complaint.

18.   At the time and place aforesaid, the Defendant, HSHS Medical Group, Inc., by and through its agents, servants and/or employees, including but not limited to Jennifer Ray, M.D., additional physicians, nursing staff and other healthcare providers, all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

    a.    Negligently and carelessly failed to provide properly trained physicians and nurses to monitor the Plaintiff, GABRIELLE RUIJNE's, condition;

    b.    Negligently and carelessly failed to have and/or enforce nursing protocol for its labor and delivery nurses to seek assistance through the chain of command;

    c.    Negligently and carelessly failed to properly monitor the development and status of the unborn fetus;

    d.    Negligently and carelessly failed to properly administer Pitocin;

    e.    Negligently and carelessly failed to properly administer Pitocin given the resting pressure of the fetus;

f.   Negligently and carelessly failed to properly respond to increased uterine resting pressures;

g.   Negligently and carelessly failed to properly monitor the fetal heart rate and deliver the baby in a timely fashion;

h.   Negligently and carelessly failed to determine that a cesarean section was required in a timely manner when it knew or should have known that the procedure was necessary to save the life Amelia Claire Ruijne;

i.   Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to save the life of Amelia Claire Ruijne;

j.   Negligently and carelessly failed to provide medical personnel adequately trained in performing caesarian sections;

k.   Negligently and carelessly failed to recognize that Amelia Claire Ruijne was not tolerating labor;

l.   Negligently and carelessly failed to adequately monitor and evaluate and treat Gabrielle Ruijne's contractions;

m.   Negligently and carelessly failed to recognize the nuchal cord being wrapped around the neck of Amelia Claire Ruijne;

n.   Negligently and carelessly failed to properly resuscitate Amelia Claire Ruijne;

o.   Negligently and carelessly failed to properly intubate Amelia Claire Ruijne;

p.   Negligently and carelessly failed to intubate Amelia Claire Ruijne in a timely fashion;

q.      Negligently and carelessly failed to utilize the proper sized endotracheal
        tube during resuscitation, specifically using a 3.0 mm tube when a larger
        tube was required;

r.      Negligently and carelessly failed to utilize the proper sized umbilical
        catheter during resuscitation;

s.      Negligently and carelessly failed to adequately perform CPR in a timely
        fashion;

t.      Negligently and carelessly failed to administer epinephrine in a timely
        fashion;

u.      Negligently and carelessly failed to administer epinephrine in a proper
        fashion;

v.      Negligently and carelessly failed to follow-up on Gabrielle's symptoms and
        concerns;

w.      Negligently and carelessly failed to recognize the gravity of the situation
        and the condition of the baby;

x.      Negligently and carelessly failed to discover and/or recognize meconium
        stained fluid on Amelia Claire Ruijne;

y.      Negligently and carelessly failed to have at least one individual who is
        capable of initiating neonatal resuscitation present at the delivery of the
        baby;

z.      Negligently and carelessly failed to appreciate the maternal, fetal, and
        neonatal conditions and/or risk factors that indicated a higher risk for the
        necessity of neonatal resuscitation;

aa.     Negligently and carelessly failed to have an OB-GYN present during labor
        and/or delivery of the baby;

bb.   Negligently and carelessly failed to notify Gabrielle Ruijne that there was

not an OB-GYN present during labor and/or delivery of the baby;

cc.   Negligently and carelessly failed to follow resuscitation protocol;

dd.   Negligently and carelessly failed to provide proper and adequate

documentation of the treatment of Gabrielle Ruijne and Amelia Claire

Ruijne;

ee.   Otherwise negligently and carelessly provided inadequate medical services

to the Plaintiff, Gabrielle Ruijne, and Amelia Claire Ruijne.

19.   That HSHS Medical Group, Inc., by and through its agents, servants and/or

employees, including but not limited to Jennifer Ray, M.D., additional physicians, nursing staff and

other healthcare providers, deviated from the acceptable standard of medical care.

20.   As a direct and proximate result of one or more of the foregoing negligent and

careless acts and/or omissions, Amelia Claire Ruijne, sustained injuries and experienced conscious

pain and suffering prior to her death on March 20, 2014.

21.   That the aforesaid negligent acts or omissions of Defendant, HSHS Medical Group,

Inc., by and through its agents, servants and/or employees, including but not limited to Jennifer Ray,

M.D., additional physicians, nursing staff and other healthcare providers, all of whom were acting

within the course and scope of their employment, were the direct and proximate cause of Amelia

Claire Ruijne's injuries and conscious pain and suffering prior to her death on March 20, 2014.

22.   Based on the foregoing, the Defendant, HSHS Medical Group, Inc., is vicariously

liable to the Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire

Ruijne, deceased, for the negligent and wrongful conduct of its agents, servants and/or employees,

including but not limited to Jennifer Ray, M.D., additional physicians, nursing staff and other

healthcare providers.

23. That suit is being filed pursuant to 755 ILCS 5/27-6 for personal injuries to Amelia Claire Ruijne.

24. That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit D") and a Report from a Health Care Professional ("See Exhibit E").

25. As a direct and proximate result of the breach of the applicable standard of medical care by the Defendant, HSHS Medical Group, Inc., by and through its agents, servants and/or employees, including but not limited to Jennifer Ray, M.D., additional physicians, nursing staff and other healthcare providers, all of whom were acting within the course and scope of their employment, AMELIA CLAIRE RUIJNE experienced severe conscious pain and suffering.

26. As a direct and proximate cause of the negligence of Defendant, HSHS Medical Group, Inc., by and through its agents, servants and/or employees, including but not limited to Jennifer Ray, M.D., additional physicians, nursing staff and other healthcare providers, all of whom were acting within the course and scope of their employment, AMELIA CLAIRE RUIJNE's next of kin have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her services, society, companionship, consortium, love, affection, and support and have suffered grief, sorrow and mental suffering and moreover, they are entitled to recover damages for AMELIA CLAIRE RUIJNE's pain and suffering incurred before her death and for which she would have been entitled to recover had she survived. Further, Amelia Claire Ruijne's estate was diminished by virtue of the medical, hospital, and funeral expenses incurred.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, prays for judgment against the Defendant, HSHS MEDICAL GROUP, INC., in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

## COUNT V:
## WRONGFUL DEATH AGAINST SAINT LOUIS UNIVERSITY

COMES NOW the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, by and through her attorney, STEVEN E. KATZMAN, and for Count V of her cause of action against the Defendant, SAINT LOUIS UNIVERSITY, states to the Court as follows:

1.      At all relevant times mentioned herein, the Plaintiff, GABRIELLE RUIJNE, was an individual residing in St. Clair County, State of Illinois.

2.      Plaintiff, GABRIELLE RUIJNE, has been appointed Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased.  A copy of the Letters of Office is attached hereto and made a part hereof and marked as "Exhibit A".

3.      That AMELIA CLAIRE RUIJNE left surviving next of kin as follows:

    a.   Gabrielle Ruijne, her mother

    b.   Marcell Ruijne, her father

4.      The Defendant, Saint Louis University is now and was at all times herein-mentioned a Missouri not-for-profit corporation doing business in the State of Illinois.  At all times, Saint Louis University provided medical services to the general public, including Gabrielle Ruijne, through the Saint Louis University Family Medicine Residency Program, which is a residency partnership with St. Elizabeth's Hospital and Southern Illinois Healthcare Foundation.  At all times

herein-mentioned, Defendant, Saint Louis University, employed physicians, residents, faculty, and other personnel for providing medical services to patients and all such persons were at all times acting as the agents, servants, and employees of Saint Louis University and were at all times acting within the scope and course thereof. At all times herein-mentioned, the Defendant, Saint Louis University, by and through its agents, servants, and employees provided physicians, residents, faculty, and other personnel for providing medical services to patients at the Belleville Family Medicine Clinic and St. Elizabeth's Hospital in Belleville, Illinois. At all times herein-mentioned, the agents, servants and/or employees of St. Elizabeth's Hospital, including but not limited to its physicians, nurses, respiratory therapists, and other healthcare providers, and Southern Illinois Healthcare Foundation, including but not limited to its physicians, residents, and other healthcare providers, were at all times acting as the agents, servants, and/or employees of Saint Louis University and were at all times acting within the scope and course of their employment and/or agency.

5.      At all times mentioned herein it was the duty of the Defendant, Saint Louis University, by and through its agents, servants and/or employees, all of whom were acting within the course and scope of their employment, to operate its residency program in such a fashion as to provide competent medical services and exercise reasonable care in the examination, diagnosis, delivery, resuscitation, care, and treatment of Plaintiff, GABRIELLE RUIJNE and Amelia Claire Ruijne, so as not to injure or harm Gabrielle Ruijne and/or her child, Amelia Claire Ruijne.

6.      That Defendant, Saint Louis University, by and through its agents, servants and/or employees, including but not limited to its physicians, faculty, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their employment, deviated from the acceptable standard of medical care.

7.     At all times relevant to this complaint, the Plaintiff, Gabrielle Ruijne, relied upon the Defendant, Saint Louis University, to adequately train its physicians, faculty, and residents and provide appropriate medical services through its physicians, residents, faculty, other healthcare providers, agents, servants, or employees or apparent agents.

8.     On or about July 9, 2013, the Plaintiff, GABRIELLE RUIJNE, visited the Belleville Family Medicine Clinic where she was informed of her positive pregnancy test.

9.     On November 12, 2013, the Plaintiff, underwent an obstetric sonogram which provided an estimated delivery date by ultrasound of March 10, 2014 and an estimated delivery date by last menstrual period of March 14, 2014.

10.    The Plaintiff, GABRIELLE RUIJNE, continued to regularly visit the Belleville Family Practice Clinic for prenatal check-ups.

11.    On or about March 18, 2014, Plaintiff, GABRIELLE RUIJNE, presented to St. Elizabeth's Hospital expressing concerns of leaking, contractions, and that the baby was not moving as much as she should. She was discharged and scheduled for a fetal non-stress test on March 19, 2014.

12.    On or about March 19, 2014, Plaintiff presented to the Belleville Family Medicine Clinic for an OB exam. She was given a normal prenatal checkup and scheduled for induction on the evening of March 20, 2014.

13.    On or about March 19, 2014, Gabrielle Ruijne returned to St. Elizabeth's Hospital where she was admitted to the Labor and Delivery Department at 20:46:00.

14.    On or about March 20, 2014, at 15:50:41, Gabrielle Ruijne signed an operative consent for a cesarean section.

15.    On or about March 20, 2014, at 16:57:00, a cesarean section was called and Gabrielle Ruijne was readied for a cesarean section.

16.    On or about March 20, 2014, at 17:40:00, Amelia Claire Ruijne was born with a limp blue presentation.

17.    On or about March 20, 2014, at 18:22:00, after unsuccessful resuscitation efforts, Amelia Claire Ruijne was pronounced dead at St. Elizabeth's Hospital in Belleville, Illinois.

18.    At the time and place aforesaid, the Defendant, Saint Louis University, by and through its agents, servants and/or employees, including but not limited to its physicians, faculty, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

  a.    Negligently and carelessly failed to provide properly trained physicians, faculty, and residents to monitor the Plaintiff, GABRIELLE RUIJNE's, condition;

  b.    Negligently and carelessly failed to train the physicians in its residency program;

  c.    Negligently and carelessly failed to properly monitor the care given by the physicians in its residency program;

  d.    Negligently and carelessly failed to have competent supervisory staff to check the patients being treated by the residents in its program;

  e.    Negligently and carelessly failed to have and/or enforce protocol for its residents to seek assistance through the chain of command;

  f.    Negligently and carelessly failed to properly monitor the development and status of the unborn fetus;

  g.    Negligently and carelessly failed to properly administer Pitocin;

h.  Negligently and carelessly failed to properly administer Pitocin given the resting pressure of the fetus;

i.  Negligently and carelessly failed to properly respond to increased uterine resting pressures;

j.  Negligently and carelessly failed to properly monitor the fetal heart rate and deliver the baby in a timely fashion;

k.  Negligently and carelessly failed to determine that a cesarean section was required in a timely manner when it knew or should have known that the procedure was necessary to save the life Amelia Claire Ruijne;

l.  Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to save the life of Amelia Claire Ruijne;

m.  Negligently and carelessly failed to provide medical personnel adequately trained in performing caesarian sections;

n.  Negligently and carelessly failed to recognize that Amelia Claire Ruijne was not tolerating labor;

o.  Negligently and carelessly failed to adequately monitor and evaluate and treat Gabrielle Ruijne's contractions;

p.  Negligently and carelessly failed to recognize the nuchal cord being wrapped around the neck of Amelia Claire Ruijne;

q.  Negligently and carelessly failed to properly resuscitate Amelia Claire Ruijne;

r.  Negligently and carelessly failed to properly intubate Amelia Claire Ruijne;

s.  Negligently and carelessly failed to intubate Amelia Claire Ruijne in a timely fashion;

t.    Negligently and carelessly failed to utilize the proper sized endotracheal tube during resuscitation, specifically using a 3.0 mm tube when a larger tube was required;

u.    Negligently and carelessly failed to utilize the proper sized umbilical catheter during resuscitation;

v.    Negligently and carelessly failed to adequately perform CPR in a timely fashion;

w.    Negligently and carelessly failed to administer epinephrine in a timely fashion;

x.    Negligently and carelessly failed to administer epinephrine in a proper fashion;

y.    Negligently and carelessly failed to follow-up on Gabrielle's symptoms and concerns;

z.    Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby;

aa.   Negligently and carelessly failed to discover and/or recognize meconium stained fluid on Amelia Claire Ruijne;

bb.   Negligently and carelessly failed to have at least one individual who is capable of initiating neonatal resuscitation present at the delivery of the baby;

cc.   Negligently and carelessly failed to appreciate the maternal, fetal, and neonatal conditions and/or risk factors that indicated a higher risk for the necessity of neonatal resuscitation;

dd.   Negligently and carelessly failed to have an OB-GYN present during labor and/or delivery of the baby;

ee.   Negligently and carelessly failed to notify Gabrielle Ruijne that there was not an OB-GYN present during labor and/or delivery of the baby;

ff.   Negligently and carelessly failed to follow resuscitation protocol;

gg.   Negligently and carelessly failed to provide proper and adequate documentation of the treatment of Gabrielle Ruijne and Amelia Claire Ruijne;

hh.   Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, Gabrielle Ruijne, and Amelia Claire Ruijne.

19.    That Saint Louis University, by and through its agents, servants and/or employees, including but not limited to its physicians, faculty, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Southern Illinois Healthcare Foundation, deviated from the acceptable standard of medical care.

20.    As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions, Amelia Claire Ruijne, was pronounced dead on March 20, 2014 at St. Elizabeth's Hospital in Belleville, Illinois.

21.    That the aforesaid negligent acts or omissions of Defendant, Saint Louis University, by and through its agents, servants and/or employees, including but not limited to its physicians, faculty, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their employment, were the direct and proximate cause of Amelia Claire Ruijne's death.

22.    Based on the foregoing, the Defendant, Saint Louis University, is vicariously liable to the Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, deceased, for the negligent and wrongful conduct of its agents, servants and/or employees, including but not limited to its physicians, faculty, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Southern Illinois Healthcare Foundation.

23.    The Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, deceased, brings this action pursuant to the provisions of the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

24.    That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit F") and a Report from a Health Care Professional ("See Exhibit G").

25.    As a direct and proximate cause of the negligence of Defendant, Saint Louis University, by and through its agents, servants and/or employees, including but not limited to its physicians, faculty, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their employment, Amelia Claire Ruijne was pronounced dead and the heirs of Amelia Claire Ruijne, deceased, have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her benefits, services, society, companionship, consortium, love, affection, care, and support and have suffered grief, sorrow and mental suffering.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, prays for judgment against the Defendant, SAINT LOUIS UNIVERSITY, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

## COUNT VI:
## SURVIVAL ACTION AGAINST SAINT LOUIS UNIVERSITY

COMES NOW the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, by and through her attorney, STEVEN E. KATZMAN, and for Count VI of her cause of action against the Defendant, SAINT LOUIS UNIVERSITY, states to the Court as follows:

1-17.   Plaintiff adopts and incorporates the allegations in paragraphs 1-17 of Count V of this Complaint, including all subparagraphs as in for paragraphs 1-17 of Count VI of this Complaint.

18.   At the time and place aforesaid, the Defendant, SAINT LOUIS UNIVERSITY, by and through its agents, servants and/or employees, including but not limited to its physicians, faculty, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

    a.    Negligently and carelessly failed to provide properly trained physicians, faculty, and residents to monitor the Plaintiff. GABRIELLE RUIJNE's, condition;

    b.    Negligently and carelessly failed to train the physicians in its residency program;

    c.    Negligently and carelessly failed to properly monitor the care given by the physicians in its residency program;

    d.    Negligently and carelessly failed to have competent supervisory staff to check the patients being treated by the residents in its program;

e.  Negligently and carelessly failed to have and/or enforce protocol for its residents to seek assistance through the chain of command;

f.  Negligently and carelessly failed to properly monitor the development and status of the unborn fetus;

g.  Negligently and carelessly failed to properly administer Pitocin;

h.  Negligently and carelessly failed to properly administer Pitocin given the resting pressure of the fetus;

i.  Negligently and carelessly failed to properly respond to increased uterine resting pressures;

j.  Negligently and carelessly failed to properly monitor the fetal heart rate and deliver the baby in a timely fashion;

k.  Negligently and carelessly failed to determine that a cesarean section was required in a timely manner when it knew or should have known that the procedure was necessary to save the life Amelia Claire Ruijne;

l.  Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to save the life of Amelia Claire Ruijne;

m.  Negligently and carelessly failed to provide medical personnel adequately trained in performing caesarian sections;

n.  Negligently and carelessly failed to recognize that Amelia Claire Ruijne was not tolerating labor;

o.  Negligently and carelessly failed to adequately monitor and evaluate and treat Gabrielle Ruijne's contractions;

p.  Negligently and carelessly failed to recognize the nuchal cord being wrapped around the neck of Amelia Claire Ruijne;

q.    Negligently and carelessly failed to properly resuscitate Amelia Claire Ruijne;

r.    Negligently and carelessly failed to properly intubate Amelia Claire Ruijne;

s.    Negligently and carelessly failed to intubate Amelia Claire Ruijne in a timely fashion;

t.    Negligently and carelessly failed to utilize the proper sized endotracheal tube during resuscitation, specifically using a 3.0 mm tube when a larger tube was required;

u.    Negligently and carelessly failed to utilize the proper sized umbilical catheter during resuscitation;

v.    Negligently and carelessly failed to adequately perform CPR in a timely fashion;

w.    Negligently and carelessly failed to administer epinephrine in a timely fashion;

x.    Negligently and carelessly failed to administer epinephrine in a proper fashion;

y.    Negligently and carelessly failed to follow-up on Gabrielle's symptoms and concerns;

z.    Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby;

aa.   Negligently and carelessly failed to discover and/or recognize meconium stained fluid on Amelia Claire Ruijne;

bb.   Negligently and carelessly failed to have at least one individual who is capable of initiating neonatal resuscitation present at the delivery of the baby;

cc. Negligently and carelessly failed to appreciate the maternal, fetal, and neonatal conditions and/or risk factors that indicated a higher risk for the necessity of neonatal resuscitation;

dd. Negligently and carelessly failed to have an OB-GYN present during labor and/or delivery of the baby;

ee. Negligently and carelessly failed to notify Gabrielle Ruijne that there was not an OB-GYN present during labor and/or delivery of the baby;

ff. Negligently and carelessly failed to follow resuscitation protocol;

gg. Negligently and carelessly failed to provide proper and adequate documentation of the treatment of Gabrielle Ruijne and Amelia Claire Ruijne;

hh. Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, Gabrielle Ruijne, and Amelia Claire Ruijne.

19. That Saint Louis University, by and through its agents, servants and/or employees, including but not limited to its physicians, faculty, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Southern Illinois Healthcare Foundation, deviated from the acceptable standard of medical care.

20. As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions, Amelia Claire Ruijne, sustained injuries and experienced conscious pain and suffering prior to her death on March 20, 2014.

21. That the aforesaid negligent acts or omissions of Defendant, Saint Louis University, by and through its agents, servants and/or employees, including but not limited to its physicians, faculty, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their

employment, were the direct and proximate cause of Amelia Claire Ruijne's injuries and conscious pain and suffering prior to her death on March 20, 2014.

22.     Based on the foregoing, the Defendant, Saint Louis University, is vicariously liable to the Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, deceased, for the negligent and wrongful conduct of its agents, servants and/or employees including but not limited to its physicians, faculty, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Southern Illinois Healthcare Foundation.

23.     That suit is being filed pursuant to 755 ILCS 5/27-6 for personal injuries to Amelia Claire Ruijne.

24.     That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit F") and a Report from a Health Care Professional ("See Exhibit G).

25.     As a direct and proximate result of the breach of the applicable standard of medical care by the Defendant, SAINT LOUIS UNIVERSITY, by and through its agents, servants and/or employees, including but not limited to its physicians, faculty, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their employment, AMELIA CLAIRE RUIJNE experienced severe conscious pain and suffering.

26.     As a direct and proximate cause of the negligence of Defendant, SAINT LOUIS UNIVERSITY, by and through its agents, servants and/or employees, including but not limited to its physicians, faculty, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their employment, AMELIA CLAIRE RUIJNE's next of kin have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her services, society, companionship, consortium, love, affection, and support and have suffered grief, sorrow and mental suffering and

moreover, they are entitled to recover damages for AMELIA CLAIRE RUIJNE's pain and suffering incurred before her death and for which she would have been entitled to recover had she survived. Further, Amelia Claire Ruijne's estate was diminished by virtue of the medical, hospital, and funeral expenses incurred.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, prays for judgment against the Defendant, SAINT LOUIS UNIVERSITY, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

## COUNT VII:
## WRONGFUL DEATH AGAINST SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC.

COMES NOW the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, by and through her attorney, STEVEN E. KATZMAN, and for Count VII of her cause of action against the Defendant, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., states to the Court as follows:

1.      At all relevant times mentioned herein, the Plaintiff, GABRIELLE RUIJNE, was an individual residing in St. Clair County, State of Illinois.

2.      Plaintiff, GABRIELLE RUIJNE, has been appointed Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased.  A copy of the Letters of Office is attached hereto and made a part hereof and marked as "Exhibit A".

3.      That AMELIA CLAIRE RUIJNE left surviving next of kin as follows:

      a.   Gabrielle Ruijne, her mother

      b.   Marcell Ruijne, her father

4.      The Defendant, Southern Illinois Healthcare Foundation, Inc. (hereinafter Southern Illinois Healthcare Foundation) is now and was at all times herein-mentioned a duly organized not-for-profit corporation existing under the laws of Illinois and engaged in the business of providing medical services to the general public, including Gabrielle Ruijne.  At all times herein-mentioned, Defendant, Southern Illinois Healthcare Foundation, employed physicians and other personnel for providing medical services to patients and all such persons were at all times acting as the agents, servants, and employees of Southern Illinois Healthcare Foundation and were at all times acting within the scope and course thereof.

5.      At all relevant times herein-mentioned, Southern Illinois Healthcare Foundation was involved in a partnership with Saint Louis University and St. Elizabeth's Hospital, referred to as the Saint Louis University Family Medicine Residency Program.  At all times herein-mentioned, the agents, servants and/or employees of Saint Louis University, including but not limited to its physicians, residents, and other healthcare providers, and St. Elizabeth's Hospital, including but not limited to its physicians, nursing staff, respiratory therapists, and other healthcare providers, were at all times acting as the agents, servants, and/or employees of Southern Illinois Healthcare Foundation and were at all times acting within the scope and course of their employment and/or agency.

6.      At all times mentioned herein it was the duty of the Defendant, Southern Illinois Healthcare Foundation, Inc., by and through its agents, servants and/or employees, including but not

limited to Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Saint Louis University, all of whom were acting within the course and scope of their employment, to exercise reasonable care in the examination, diagnosis, delivery, resuscitation, care, and treatment of Plaintiff, GABRIELLE RUIJNE and Amelia Claire Ruijne, so as not to injure or harm Gabrielle Ruijne and/or her child, Amelia Claire Ruijne.

7.      That Defendant, Southern Illinois Healthcare Foundation, Inc., by and through its agents, servants and/or employees, including but not limited to Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Saint Louis University, all of whom were acting within the course and scope of their employment, deviated from the acceptable standard of medical care.

8.      At all times relevant to this complaint, the Plaintiff, GABRIELLE RUIJNE, relied upon the Defendant, Southern Illinois Healthcare Foundation, Inc., to provide appropriate services through its physicians, including but not limited to Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, agents, servants, employees or apparent agents, as well as St. Elizabeth's Hospital and Saint Louis University.

9.      On or about July 9, 2013, the Plaintiff, GABRIELLE RUIJNE, visited the Belleville Family Medicine Clinic where she was informed of her positive pregnancy test.

10.     On November 12, 2013, the Plaintiff, underwent an obstetric sonogram which provided an estimated delivery date by ultrasound of March 10, 2014 and an estimated delivery date by last menstrual period of March 14, 2014.

11.     The Plaintiff, GABRIELLE RUIJNE, continued to regularly visit the Belleville Family Practice Clinic for prenatal check-ups.

12.     On or about March 18, 2014, Plaintiff, GABRIELLE RUIJNE, presented to St. Elizabeth's Hospital expressing concerns of leaking, contractions, and that the baby was not

moving as much as she should.  She was discharged and scheduled for a fetal non-stress test on March 19, 2014.

13.     On or about March 19, 2014, Plaintiff presented to the Belleville Family Medicine Clinic for an OB exam.  She was given a normal prenatal checkup and scheduled for induction on the evening of March 20, 2014.

14.     On or about March 19, 2014, Gabrielle Ruijne returned to St. Elizabeth's Hospital where she was admitted to the Labor and Delivery Department at 20:46:00.

15.     On or about March 20, 2014, at 15:50:41, Gabrielle Ruijne signed an operative consent for a cesarean section.

16.     On or about March 20, 2014, at 16:57:00, a cesarean section was called and Gabrielle Ruijne was readied for a cesarean section.

17.     On or about March 20, 2014, at 17:40:00, Amelia Claire Ruijne was born with a limp blue presentation.

18.     On or about March 20, 2014, at 18:22:00, after unsuccessful resuscitation efforts, Amelia Claire Ruijne was pronounced dead at St. Elizabeth's Hospital in Belleville, Illinois.

19.     At the time and place aforesaid, the Defendant, Southern Illinois Healthcare Foundation, by and through its agents, servants and/or employees, including but not limited to Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Saint Louis University, all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

    a.     Negligently and carelessly failed to provide properly trained physicians and nurses to monitor the Plaintiff, GABRIELLE RUIJNE's, condition;

b.    Negligently and carelessly failed to properly monitor the development and status of the unborn fetus;

c.    Negligently and carelessly failed to properly administer Pitocin;

d.    Negligently and carelessly failed to properly administer Pitocin given the resting pressure of the fetus;

e.    Negligently and carelessly failed to properly respond to increased uterine resting pressures;

f.    Negligently and carelessly failed to properly monitor the fetal heart rate and deliver the baby in a timely fashion;

g.    Negligently and carelessly failed to determine that a cesarean section was required in a timely manner when it knew or should have known that the procedure was necessary to save the life Amelia Claire Ruijne;

h.    Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to save the life of Amelia Claire Ruijne;

i.    Negligently and carelessly failed to provide medical personnel adequately trained in performing caesarian sections;

j.    Negligently and carelessly failed to recognize that Amelia Claire Ruijne was not tolerating labor;

k.    Negligently and carelessly failed to adequately monitor and evaluate and treat Gabrielle Ruijne's contractions;

l.    Negligently and carelessly failed to recognize the nuchal cord being wrapped around the neck of Amelia Claire Ruijne;

m.    Negligently and carelessly failed to properly resuscitate Amelia Claire Ruijne;

n.   Negligently and carelessly failed to properly intubate Amelia Claire Ruijne;

o.   Negligently and carelessly failed to intubate Amelia Claire Ruijne in a timely fashion;

p.   Negligently and carelessly failed to utilize the proper sized endotracheal tube during resuscitation, specifically using a 3.0 mm tube when a larger tube was required;

q.   Negligently and carelessly failed to utilize the proper sized umbilical catheter during resuscitation;

r.   Negligently and carelessly failed to adequately perform CPR in a timely fashion;

s.   Negligently and carelessly failed to administer epinephrine in a timely fashion;

t.   Negligently and carelessly failed to administer epinephrine in a proper fashion;

u.   Negligently and carelessly failed to follow-up on Gabrielle's symptoms and concerns;

v.   Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby;

w.   Negligently and carelessly failed to discover and/or recognize meconium stained fluid on Amelia Claire Ruijne;

x.   Negligently and carelessly failed to have at least one individual who is capable of initiating neonatal resuscitation present at the delivery of the baby;

y.    Negligently and carelessly failed to appreciate the maternal, fetal, and neonatal conditions and/or risk factors that indicated a higher risk for the necessity of neonatal resuscitation;

z.    Negligently and carelessly failed to have an OB-GYN present during labor and/or delivery of the baby;

aa.    Negligently and carelessly failed to notify Gabrielle Ruijne that there was not an OB-GYN present during labor and/or delivery of the baby;

bb.    Negligently and carelessly failed to follow resuscitation protocol;

cc.    Negligently and carelessly failed to provide proper and adequate documentation of the treatment of Gabrielle Ruijne and Amelia Claire Ruijne;

dd.    Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, Gabrielle Ruijne, and Amelia Claire Ruijne.

20.    That Southern Illinois Healthcare Foundation, by and through its agents, servants and/or employees, including but not limited to Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Saint Louis University, deviated from the acceptable standard of medical care.

21.    As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions, Amelia Claire Ruijne, was pronounced dead on March 20, 2014 at St. Elizabeth's Hospital in Belleville, Illinois.

22.    That the aforesaid negligent acts or omissions of Defendant, Southern Illinois Healthcare Foundation, by and through its agents, servants and/or employees, including but not limited to Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Saint Louis University, all of whom were acting within the

course and scope of their employment, were the direct and proximate cause of Amelia Claire Ruijne's death.

23. Based on the foregoing, the Defendant, Southern Illinois Healthcare Foundation, is vicariously liable to the Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, deceased, for the negligent and wrongful conduct of its agents, servants and/or employees, including but not limited to Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Saint Louis University.

24. The Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, deceased, brings this action pursuant to the provisions of the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

25. That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit H") and a Report from a Health Care Professional ("See Exhibit I").

26. As a direct and proximate cause of the negligence of Defendant, Southern Illinois Healthcare Foundation, by and through its agents, servants and/or employees, including but not limited to Marjorie Guthrie. M.D., additional physicians, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Saint Louis University, all of whom were acting within the course and scope of their employment, Amelia Claire Ruijne was pronounced dead and the heirs of Amelia Claire Ruijne, deceased, have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her benefits. services, society, companionship, consortium, love, affection, care, and support and have suffered grief, sorrow and mental suffering.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, prays for

judgment against the Defendant, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC.,

in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

## COUNT VIII:
## SURVIVAL ACTION AGAINST SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC.

COMES NOW the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the

Estate of AMELIA CLAIRE RUIJNE, deceased, by and through her attorney, STEVEN E.

KATZMAN, and for Count VIII of her cause of action against the Defendant, SOUTHERN

ILLINOIS HEALTHCARE FOUNDATION, INC., states to the Court as follows:

1-18.   Plaintiff adopts and incorporates the allegations in paragraphs 1-18 of Count VII of

this Complaint, including all subparagraphs as in for paragraphs 1-18 of Count VIII of this

Complaint.

19.     At the time and place aforesaid, the Defendant, Southern Illinois Healthcare

Foundation, by and through its agents, servants and/or employees, including but not limited to

Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, as well as

St. Elizabeth's Hospital and Saint Louis University, all of whom were acting within the course and

scope of their employment, breached the aforementioned duty during the course of the

aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

a.   Negligently and carelessly failed to provide properly trained physicians and nurses to monitor the Plaintiff, GABRIELLE RUIJNE's, condition;

b.   Negligently and carelessly failed to properly monitor the development and status of the unborn fetus;

c.   Negligently and carelessly failed to properly administer Pitocin;

d.   Negligently and carelessly failed to properly administer Pitocin given the resting pressure of the fetus;

e.   Negligently and carelessly failed to properly respond to increased uterine resting pressures;

f.   Negligently and carelessly failed to properly monitor the fetal heart rate and deliver the baby in a timely fashion;

g.   Negligently and carelessly failed to determine that a cesarean section was required in a timely manner when it knew or should have known that the procedure was necessary to save the life Amelia Claire Ruijne;

h.   Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to save the life of Amelia Claire Ruijne;

i.   Negligently and carelessly failed to provide medical personnel adequately trained in performing caesarian sections;

j.   Negligently and carelessly failed to recognize that Amelia Claire Ruijne was not tolerating labor;

k.   Negligently and carelessly failed to adequately monitor and evaluate and treat Gabrielle Ruijne's contractions;

l.   Negligently and carelessly failed to recognize the nuchal cord being wrapped around the neck of Amelia Claire Ruijne;

m.   Negligently and carelessly failed to properly resuscitate Amelia Claire Ruijne;

n.   Negligently and carelessly failed to properly intubate Amelia Claire Ruijne;

o.   Negligently and carelessly failed to intubate Amelia Claire Ruijne in a timely fashion;

p.   Negligently and carelessly failed to utilize the proper sized endotracheal tube during resuscitation, specifically using a 3.0 mm tube when a larger tube was required;

q.   Negligently and carelessly failed to utilize the proper sized umbilical catheter during resuscitation;

r.   Negligently and carelessly failed to adequately perform CPR in a timely fashion;

s.   Negligently and carelessly failed to administer epinephrine in a timely fashion;

t.   Negligently and carelessly failed to administer epinephrine in a proper fashion;

u.   Negligently and carelessly failed to follow-up on Gabrielle's symptoms and concerns;

v.   Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby;

w.   Negligently and carelessly failed to discover and/or recognize meconium stained fluid on Amelia Claire Ruijne;

x.   Negligently and carelessly failed to have at least one individual who is capable of initiating neonatal resuscitation present at the delivery of the baby;

y.   Negligently and carelessly failed to appreciate the maternal, fetal, and neonatal conditions and/or risk factors that indicated a higher risk for the necessity of neonatal resuscitation;

z.   Negligently and carelessly failed to have an OB-GYN present during labor and/or delivery of the baby;

aa.   Negligently and carelessly failed to notify Gabrielle Ruijne that there was not an OB-GYN present during labor and/or delivery of the baby;

bb.   Negligently and carelessly failed to follow resuscitation protocol;

cc.   Negligently and carelessly failed to provide proper and adequate documentation of the treatment of Gabrielle Ruijne and Amelia Claire Ruijne;

dd.   Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, Gabrielle Ruijne, and Amelia Claire Ruijne.

20.   That Southern Illinois Healthcare Foundation, Inc., by and through its agents, servants and/or employees, including but not limited to Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Saint Louis University, deviated from the acceptable standard of medical care.

21.   As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions, Amelia Claire Ruijne, sustained injuries and experienced conscious pain and suffering prior to her death on March 20, 2014.

22.   That the aforesaid negligent acts or omissions of Defendant, Southern Illinois Healthcare Foundation, Inc., by and through its agents, servants and/or employees, including but

not limited to Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Saint Louis University, all of whom were acting within the course and scope of their employment, were the direct and proximate cause of Amelia Claire Ruijne's injuries and conscious pain and suffering prior to her death on March 20, 2014.

23.     Based on the foregoing, the Defendant, Southern Illinois Healthcare Foundation, Inc., is vicariously liable to the Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, deceased, for the negligent and wrongful conduct of its agents, servants and/or employees, including but not limited to Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Saint Louis University.

24.     That suit is being filed pursuant to 755 ILCS 5/27-6 for personal injuries to Amelia Claire Ruijne.

25.     That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit H") and a Report from a Health Care Professional ("See Exhibit I").

26.     As a direct and proximate result of the breach of the applicable standard of medical care by the Defendant, Southern Illinois Healthcare Foundation, Inc., by and through its agents, servants and/or employees, including but not limited to Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Saint Louis University, all of whom were acting within the course and scope of their employment, AMELIA CLAIRE RUIJNE experienced severe conscious pain and suffering.

27.     As a direct and proximate cause of the negligence of Defendant, Southern Illinois Healthcare Foundation, Inc., by and through its agents, servants and/or employees, including but not limited to Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Saint Louis University, all of whom were acting within the

course and scope of their employment, AMELIA CLAIRE RUIJNE's next of kin have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her services, society, companionship, consortium, love, affection, and support and have suffered grief, sorrow and mental suffering and moreover, they are entitled to recover damages for AMELIA CLAIRE RUIJNE's pain and suffering incurred before her death and for which she would have been entitled to recover had she survived. Further, Amelia Claire Ruijne's estate was diminished by virtue of the medical, hospital, and funeral expenses incurred.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, prays for judgment against the Defendant, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

## COUNT IX:
## WRONGFUL DEATH AGAINST MARJORIE GUTHRIE, M.D.

COMES NOW the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, by and through her attorney, STEVEN E. KATZMAN, and for Count IX of her cause of action against the Defendant, MARJORIE GUTHRIE, M.D., states to the Court as follows:

1.     At all relevant times mentioned herein, the Plaintiff, GABRIELLE RUIJNE, was an individual residing in St. Clair County, State of Illinois.

2.     Plaintiff, GABRIELLE RUIJNE, has been appointed Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased.  A copy of the Letters of Office is attached hereto and made a part hereof and marked as "Exhibit A".

3.     That AMELIA CLAIRE RUIJNE left surviving next of kin as follows:

     a.   Gabrielle Ruijne, her mother

     b.   Marcell Ruijne, her father

4.     For all relevant times mentioned herein, the Defendant, MARJORIE GUTHRIE, M.D., was a licensed physician practicing in the State of Illinois and had her office at 180 South 3rd St., Belleville, Illinois and held herself out as a skilled and knowledgeable family practice physician competent to practice in the field of obstetrics and gynecology.

5.     At all relevant times, Marjorie Guthrie, M.D. provided medical services to the general public, including Gabrielle Ruijne, through a residency partnership with St. Elizabeth's Hospital, Southern Illinois Healthcare Foundation, and Saint Louis University known as the Saint Louis University Family Medicine Residency Program.

6.     For all relevant times mentioned herein, the Defendant, MARJORIE GUTHRIE, M.D., was the program director for the Saint Louis University Family Medicine Residency Program.

7.     At all times mentioned herein it was the duty of the Defendant, Marjorie Guthrie, M.D., individually and through her agents, servants and/or employees, including but not limited to residents and other healthcare providers, all of whom were acting within the course and scope of their employment, to possess and apply the knowledge, use, care, and skill ordinarily used by reasonably well-qualified physicians in the same or similar locality under similar circumstances and to exercise reasonable care in the examination, diagnosis, delivery, resuscitation, care, and treatment of Plaintiff,

GABRIELLE RUIJNE and Amelia Claire Ruijne, so as not to injure or harm Gabrielle Ruijne and/or her child, Amelia Claire Ruijne.

8.      That Defendant, Marjorie Guthrie, M.D., individually and through her agents, servants and/or employees, including but not limited to residents and other healthcare providers, all of whom were acting within the course and scope of their employment, deviated from the acceptable standard of medical care.

9.      At all times relevant to this complaint, the Plaintiff, GABRIELLE RUIJNE, relied upon the Defendant, Marjorie Guthrie, M.D., to provide appropriate services through herself, her residents, other healthcare providers, agents, servants, employees or apparent agents.

10.     On or about July 9, 2013, the Plaintiff, GABRIELLE RUIJNE, visited the Belleville Family Medicine Clinic where she was informed of her positive pregnancy test.

11.     On November 12, 2013, the Plaintiff, underwent an obstetric sonogram which provided an estimated delivery date by ultrasound of March 10, 2014 and an estimated delivery date by last menstrual period of March 14, 2014.

12.     The Plaintiff, GABRIELLE RUIJNE, continued to regularly visit the Belleville Family Practice Clinic for prenatal check-ups.

13.     On or about March 18, 2014, Plaintiff, GABRIELLE RUIJNE, presented to St. Elizabeth's Hospital expressing concerns of leaking, contractions, and that the baby was not moving as much as she should.  She was discharged and scheduled for a fetal non-stress test on March 19, 2014.

14.     On or about March 19, 2014, Plaintiff presented to the Belleville Family Medicine Clinic for an OB exam.  She was given a normal prenatal checkup and scheduled for induction on the evening of March 20, 2014.

15.     On or about March 19, 2014, Gabrielle Ruijne returned to St. Elizabeth's Hospital where she was admitted to the Labor and Delivery Department at 20:46:00.

16.     On or about March 20, 2014, at 15:50:41, Gabrielle Ruijne signed an operative consent for a cesarean section.

17.     On or about March 20, 2014, at 16:57:00, a cesarean section was called and Gabrielle Ruijne was readied for a cesarean section.

18.     On or about March 20, 2014, at 17:40:00, Amelia Claire Ruijne was born with a limp blue presentation.

19.     On or about March 20, 2014, at 18:22:00, after unsuccessful resuscitation efforts, Amelia Claire Ruijne was pronounced dead at St. Elizabeth's Hospital in Belleville, Illinois.

20.     At the time and place aforesaid, the Defendant, Marjorie Guthrie, M.D., individually and through her agents, servants and/or employees, including but not limited to residents and other healthcare providers, all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

    a.     Negligently and carelessly failed to provide properly trained physicians and residents to monitor the Plaintiff, GABRIELLE RUIJNE's, condition;

    b.     Negligently and carelessly failed to train the physicians in the residency program;

    c.     Negligently and carelessly failed to properly monitor the care given by the physicians in the residency program;

    d.     Negligently and carelessly failed to have competent supervisory staff to check the patients being treated by the residents in the program;

    e.     Negligently and carelessly failed to have and/or enforce protocol for its residents to seek assistance through the chain of command;

    f.     Negligently and carelessly failed to properly monitor the development and status of the unborn fetus;

g.   Negligently and carelessly failed to properly administer Pitocin;

h.   Negligently and carelessly failed to properly administer Pitocin given the resting pressure of the fetus;

i.   Negligently and carelessly failed to properly respond to increased uterine resting pressures;

j.   Negligently and carelessly failed to properly monitor the fetal heart rate and deliver the baby in a timely fashion;

k.   Negligently and carelessly failed to determine that a cesarean section was required in a timely manner when it knew or should have known that the procedure was necessary to save the life Amelia Claire Ruijne;

l.   Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to save the life of Amelia Claire Ruijne;

m.   Negligently and carelessly failed to provide medical personnel adequately trained in performing caesarian sections;

n.   Negligently and carelessly failed to recognize that Amelia Claire Ruijne was not tolerating labor;

o.   Negligently and carelessly failed to adequately monitor and evaluate and treat Gabrielle Ruijne's contractions;

p.   Negligently and carelessly failed to recognize the nuchal cord being wrapped around the neck of Amelia Claire Ruijne;

q.   Negligently and carelessly failed to properly resuscitate Amelia Claire Ruijne;

r.   Negligently and carelessly failed to properly intubate Amelia Claire Ruijne;

s.      Negligently and carelessly failed to intubate Amelia Claire Ruijne in a timely fashion;

t.      Negligently and carelessly failed to utilize the proper sized endotracheal tube during resuscitation, specifically using a 3.0 mm tube when a larger tube was required;

u.      Negligently and carelessly failed to utilize the proper sized umbilical catheter during resuscitation;

v.      Negligently and carelessly failed to adequately perform CPR in a timely fashion;

w.      Negligently and carelessly failed to administer epinephrine in a timely fashion;

x.      Negligently and carelessly failed to administer epinephrine in a proper fashion;

y.      Negligently and carelessly failed to follow-up on Gabrielle's symptoms and concerns;

z.      Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby;

aa.     Negligently and carelessly failed to discover and/or recognize meconium stained fluid on Amelia Claire Ruijne;

bb.     Negligently and carelessly failed to have at least one individual who is capable of initiating neonatal resuscitation present at the delivery of the baby;

cc.     Negligently and carelessly failed to appreciate the maternal, fetal, and neonatal conditions and/or risk factors that indicated a higher risk for the necessity of neonatal resuscitation;

dd.   Negligently and carelessly failed to have an OB-GYN present during labor and/or delivery of the baby;

ee.   Negligently and carelessly failed to notify Gabrielle Ruijne that there was not an OB-GYN present during labor and/or delivery of the baby;

ff.   Negligently and carelessly failed to follow resuscitation protocol;

gg.   Negligently and carelessly failed to provide proper and adequate documentation of the treatment of Gabrielle Ruijne and Amelia Claire Ruijne;

hh.   Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, Gabrielle Ruijne, and Amelia Claire Ruijne.

21.   That Marjorie Guthrie, M.D., individually and through her agents, servants and/or employees, including but not limited to residents and other healthcare providers, deviated from the acceptable standard of medical care.

22.   As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions, Amelia Claire Ruijne, was pronounced dead on March 20, 2014.

23.   That the aforesaid negligent acts or omissions of Defendant, Marjorie Guthrie, M.D., individually and through her agents, servants and/or employees, including but not limited to residents and other healthcare providers, all of whom were acting within the course and scope of their employment, were the direct and proximate cause of Amelia Claire Ruijne's death.

24.   The Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, deceased, brings this action pursuant to the provisions of the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

25.   That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit J") and a Report from a Health Care Professional ("See Exhibit K").

26.     As a direct and proximate cause of the negligence of Defendant, Marjorie Guthrie, M.D., individually and through her agents, servants and/or employees, including but not limited to residents and other healthcare providers, all of whom were acting within the course and scope of their employment, Amelia Claire Ruijne was pronounced dead and the heirs of Amelia Claire Ruijne, deceased, have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her benefits, services, society, companionship, consortium, love, affection, care, and support and have suffered grief, sorrow and mental suffering.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, prays for judgment against the Defendant, MARJORIE GUTHRIE, M.D., in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

## COUNT X:
## SURVIVAL ACTION AGAINST MARJORIE GUTHRIE, M.D.

COMES NOW the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, by and through her attorney, STEVEN E. KATZMAN, and for Count X of her cause of action against the Defendant, MARJORIE GUTHRIE, M.D., states to the Court as follows:

1-19    Plaintiff adopts and incorporates the allegations in paragraphs 1-19 of Count IX of this Complaint, including all subparagraphs as in for paragraphs 1-19 of Count X of this Complaint.

20.     At the time and place aforesaid, the Defendant, Marjorie Guthrie, M.D., including but not limited to residents and other healthcare providers, all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

> a.    Negligently and carelessly failed to provide properly trained physicians and residents to monitor the Plaintiff, GABRIELLE RUIJNE's, condition;
>
> b.    Negligently and carelessly failed to train the physicians in the residency program;
>
> c.    Negligently and carelessly failed to properly monitor the care given by the physicians in the residency program;
>
> d.    Negligently and carelessly failed to have competent supervisory staff to check the patients being treated by the residents in the program;
>
> e.    Negligently and carelessly failed to have and/or enforce protocol for its residents to seek assistance through the chain of command;
>
> f.    Negligently and carelessly failed to properly monitor the development and status of the unborn fetus;
>
> g.    Negligently and carelessly failed to properly administer Pitocin;
>
> h.    Negligently and carelessly failed to properly administer Pitocin given the resting pressure of the fetus;
>
> i.    Negligently and carelessly failed to properly respond to increased uterine resting pressures;

j.     Negligently and carelessly failed to properly monitor the fetal heart rate and deliver the baby in a timely fashion;

k.     Negligently and carelessly failed to determine that a cesarean section was required in a timely manner when it knew or should have known that the procedure was necessary to save the life Amelia Claire Ruijne;

l.     Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to save the life of Amelia Claire Ruijne;

m.     Negligently and carelessly failed to provide medical personnel adequately trained in performing caesarian sections;

n.     Negligently and carelessly failed to recognize that Amelia Claire Ruijne was not tolerating labor;

o.     Negligently and carelessly failed to adequately monitor and evaluate and treat Gabrielle Ruijne's contractions;

p.     Negligently and carelessly failed to recognize the nuchal cord being wrapped around the neck of Amelia Claire Ruijne;

q.     Negligently and carelessly failed to properly resuscitate Amelia Claire Ruijne;

r.     Negligently and carelessly failed to properly intubate Amelia Claire Ruijne;

s.     Negligently and carelessly failed to intubate Amelia Claire Ruijne in a timely fashion;

t.     Negligently and carelessly failed to utilize the proper sized endotracheal tube during resuscitation, specifically using a 3.0 mm tube when a larger tube was required;

u.   Negligently and carelessly failed to utilize the proper sized umbilical catheter during resuscitation;

v.   Negligently and carelessly failed to adequately perform CPR in a timely fashion;

w.   Negligently and carelessly failed to administer epinephrine in a timely fashion;

x.   Negligently and carelessly failed to administer epinephrine in a proper fashion;

y.   Negligently and carelessly failed to follow-up on Gabrielle's symptoms and concerns;

z.   Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby;

aa.   Negligently and carelessly failed to discover and/or recognize meconium stained fluid on Amelia Claire Ruijne;

bb.   Negligently and carelessly failed to have at least one individual who is capable of initiating neonatal resuscitation present at the delivery of the baby;

cc.   Negligently and carelessly failed to appreciate the maternal, fetal, and neonatal conditions and/or risk factors that indicated a higher risk for the necessity of neonatal resuscitation;

dd.   Negligently and carelessly failed to have an OB-GYN present during labor and/or delivery of the baby;

ee.   Negligently and carelessly failed to notify Gabrielle Ruijne that there was not an OB-GYN present during labor and/or delivery of the baby;

ff.   Negligently and carelessly failed to follow resuscitation protocol;

gg.   Negligently and carelessly failed to provide proper and adequate documentation of the treatment of Gabrielle Ruijne and Amelia Claire Ruijne;

hh.   Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, Gabrielle Ruijne, and Amelia Claire Ruijne.

21.   That Marjorie Guthrie, M.D., individually and through her agents, servants and/or employees, including but not limited to residents and other healthcare providers, deviated from the acceptable standard of medical care.

22.   As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions, Amelia Claire Ruijne, sustained injuries and experienced conscious pain and suffering prior to her death on March 20, 2014.

23.   That the aforesaid negligent acts or omissions of Defendant, Marjorie Guthrie, M.D., individually and through her agents, servants and/or employees, including but not limited to residents and other healthcare providers, all of whom were acting within the course and scope of their employment, were the direct and proximate cause of Amelia Claire Ruijne's injuries and conscious pain and suffering prior to her death on March 20, 2014.

24.   That suit is being filed pursuant to 755 ILCS 5/27-6 for personal injuries to Amelia Claire Ruijne.

25.   That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit J") and a Report from a Health Care Professional ("See Exhibit K").

26.   As a direct and proximate result of the breach of the applicable standard of medical care by the Defendant, Marjorie Guthrie, M.D., individually and through her agents, servants and/or employees, including but not limited to residents and other healthcare providers, all of whom

were acting within the course and scope of their employment, AMELIA CLAIRE RUIJNE experienced severe conscious pain and suffering.

27. As a direct and proximate cause of the negligence of Defendant, Marjorie Guthrie, M.D., individually and through her agents, servants and/or employees, including but not limited to residents and other healthcare providers, all of whom were acting within the course and scope of their employment, AMELIA CLAIRE RUIJNE's next of kin have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her services, society, companionship, consortium, love, affection, and support and have suffered grief, sorrow and mental suffering and moreover, they are entitled to recover damages for AMELIA CLAIRE RUIJNE's pain and suffering incurred before her death and for which she would have been entitled to recover had she survived. Further, Amelia Claire Ruijne's estate was diminished by virtue of the medical, hospital, and funeral expenses incurred.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, prays for judgment against the Defendant, MARJORIE GUTHRIE, M.D., in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

## COUNT XI:

**NEGLIGENCE AGAINST ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS
OF THE THIRD ORDER OF ST. FRANCIS, AN ILLINOIS NOT-FOR-PROFIT
CORPORATION d/b/a ST. ELIZABETH'S HOSPITAL**

COMES NOW the Plaintiff, GABRIELLE RUIJNE, Individually, by and through her

attorney, STEVEN E. KATZMAN, and for Count XI of her cause of action against the Defendant,

ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF

ST. FRANCIS, an Illinois Not-for-Profit Corporation d/b/a ST. ELIZABETH'S HOSPITAL,

states to the Court as follows:

1.      At all relevant times mentioned herein, the Plaintiff, GABRIELLE RUIJNE, was

an individual residing in St. Clair County, State of Illinois.

2.      The Defendant, St. Elizabeth's Hospital of the Hospital Sisters of the Third Order

of St. Francis (hereinafter "St. Elizabeth's") is now and was at all times herein-mentioned a duly

organized not-for-profit corporation existing under the laws of Illinois and engaged in the business

of providing medical services to the general public including Gabrielle Ruijne with its principal

place of business located at 211 South 3rd Street, Belleville, Illinois 62220 in St. Clair County,

Illinois. At all times herein-mentioned, Defendant, St. Elizabeth's, employed physicians, nurses,

and other personnel for providing medical services and all such persons were at all times acting as

the agents, servants, and employees of St. Elizabeth's and were at all times acting within the scope

and course thereof.

3.      At all relevant times herein-mentioned, St. Elizabeth's Hospital was involved in a

partnership with Saint Louis University and Southern Illinois Healthcare Foundation, referred to

as the Saint Louis University Family Medicine Residency Program. At all times herein-mentioned,

the agents, servants and/or employees of Saint Louis University, including but not limited to its

physicians, residents, and other healthcare providers, and Southern Illinois Healthcare Foundation,

including but not limited to its physicians, residents. and other healthcare providers, were at all

times acting as the agents, servants, and employees of St. Elizabeth's Hospital and were at all times acting within the scope and course of their employment and/or agency.

4.      At all times mentioned herein it was the duty of the Defendant, St. Elizabeth's Hospital, by and through its agents, servants and/or employees, all of whom were acting within the course and scope of their employment, to exercise reasonable care in the examination, diagnosis, delivery, care, and treatment of Plaintiff, GABRIELLE RUIJNE, so as not to injure or harm her.

5.      That Defendant, St. Elizabeth's Hospital, by and through its agents, servants and/or employees, all of whom were acting within the course and scope of their employment, deviated from the acceptable standard of medical care.

6.      At all times relevant to this complaint, the Plaintiff, GABRIELLE RUIJNE, relied upon the Defendant, St. Elizabeth's Hospital, to provide appropriate services through its healthcare providers, including but not limited to its physicians, nurses, respiratory therapists, other healthcare providers, agents, servants, or employees or apparent agents, as well as Saint Louis University and Southern Illinois Healthcare Foundation.

7.      On or about July 9, 2013, the Plaintiff, GABRIELLE RUIJNE, visited the Belleville Family Practice Clinic where she was informed of her positive pregnancy test.

8.      On November 12, 2013, the Plaintiff, underwent an obstetric sonogram which provided an estimated delivery date by ultrasound of March 10, 2014 and an estimated delivery date by last menstrual period of March 14, 2014.

9.      The Plaintiff, GABRIELLE RUIJNE, continued to regularly visit the Belleville Family Practice Clinic for prenatal check-ups.

10.     On or about March 18, 2014, Plaintiff, GABRIELLE RUIJNE, presented to St. Elizabeth's Hospital expressing concerns of leaking, contractions, and that the baby was not moving as much as she should. She was discharged and scheduled for a fetal non-stress test on March 19, 2014.

11.     On or about March 19, 2014, Plaintiff presented to the Belleville Family Medicine Clinic for an OB exam.  She was given a normal prenatal checkup and scheduled for induction on the evening of March 20, 2014.

12.     On or about March 19, 2014, Gabrielle Ruijne returned to St. Elizabeth's Hospital where she was admitted to the Labor and Delivery Department at 20:46:00.

13.     On or about March 20, 2014, at 15:50:41, Gabrielle Ruijne signed an operative consent for a cesarean section.

14.     On or about March 20, 2014, at 16:57:00, a cesarean section was called and Gabrielle Ruijne was readied for a cesarean section.

15.     On or about March 20, 2014, at 17:20:01, Gabrielle Ruijne was transferred to a cesarean section room.

16.     On or about March 20, 2014, at 17:40:00, Amelia Claire Ruijne was born with a limp blue presentation.

17.     On or about March 20, 2014, at 18:22:00, after unsuccessful resuscitation efforts, Amelia Claire Ruijne was pronounced dead at St. Elizabeth's Hospital in Belleville, Illinois.

18.     On or about March 20, 2014, Gabrielle Ruijne was diagnosed with postpartum hemorrhage and endometritis.

19.     On or about March 20, 2014, Gabrielle Ruijne was forced to undergo a blood transfusion due to her postpartum hemorrhage.

20.     On or about April 8, 2014, Gabrielle Ruijne returned to St. Elizabeth's Hospital where she was diagnosed with a postoperative wound infection with copious drainage.

21.     On or about April 8, 2014, Gabrielle Ruijne underwent an incision and drainage of the abdominal wall wound infection, as well as an exploratory laparotomy and abdominal wound closure with drain placement due to the extensive wound infection.

22.     Gabrielle Ruijne was required to undergo extensive and prolonged additional medical treatment as a result of the caesarean section.

23.     At the time and place aforesaid, the Defendant, St. Elizabeth's Hospital, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, as well as Saint Louis University and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

    a.    Negligently and carelessly failed to provide properly trained physicians and nurses to monitor the Plaintiff, GABRIELLE RUIJNE's, condition;

    b.    Negligently and carelessly failed to have and/or enforce nursing protocol for its labor and delivery nurses to seek assistance through the chain of command;

    c.    Negligently and carelessly failed to train the physicians in its residency program;

    d.    Negligently and carelessly failed to properly monitor the care given by the physicians in its residency program;

    e.    Negligently and carelessly failed to have competent supervisory staff to check the patients being treated by the residents in its program;

    f.    Negligently and carelessly failed to properly monitor the development and status of the unborn fetus;

    g.    Negligently and carelessly failed to deliver Amelia Claire Ruijne in a timely manner;

    h.    Negligently and carelessly failed to properly administer Pitocin;

i.    Negligently and carelessly failed to properly administer Pitocin given the resting pressure of the fetus;

j.    Negligently and carelessly failed to determine that a cesarean section was required in a timely manner;

k.    Negligently and carelessly failed to perform a cesarean section in a timely manner;

l.    Negligently and carelessly failed to recognize that Amelia Claire Ruijne was not tolerating labor;

m.   Negligently and carelessly failed to adequately monitor and evaluate Gabrielle Ruijne's contractions;

n.    Negligently and carelessly failed to follow-up on Gabrielle's symptoms and concerns;

o.    Negligently and carelessly failed to adequately and properly monitor the baby's contractions and fetal heart rate;

p.    Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby;

q.    Negligently and carelessly failed to have an OB-GYN present during labor and/or delivery of the baby;

r.    Negligently and carelessly failed to notify Gabrielle Ruijne that an OB-GYN was not present during labor and/or delivery of the baby;

s.    Negligently and carelessly failed to adequately and properly diagnose the condition of Gabrielle Ruijne and the baby;

t.    Negligently and carelessly failed, after being placed on notice, to take appropriate action and to monitor the baby closely;

u.     Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to prevent injury to Gabrielle Ruijne;

v.     Negligently and carelessly incorrectly diagnosed and improperly treated and/or failed to properly treat the Plaintiff, Gabrielle Ruijne's, condition;

w.     Negligently and carelessly failed to have medical personnel adequately trained in performing caesarian sections;

x.     Negligently and carelessly failed to have an OG-GYN perform the caesarean section when instead it was performed by a family practice physician;

y.     Negligently and carelessly failed to properly perform follow-up treatment of Gabrielle Ruijne;

z.     Negligently and carelessly failed to prevent a wound infection from developing;

aa.    Negligently and carelessly failed to adequately treat her wound infection;

bb.    Negligently and carelessly failed to appreciate that Gabrielle Ruijne's prolonged, inefficient labor was increasing her risk for a postpartum hemorrhage;

cc.    Negligently and carelessly failed to adequately and properly address Gabrielle Ruijne's risks for postpartum hemorrhage;

dd.    Negligently and carelessly failed to provide proper and adequate documentation of the treatment of Gabrielle Ruijne;

ee.    Otherwise negligently and carelessly provided inadequate hospital services to the Plaintiff, Gabrielle Ruijne.

24.     Based on the foregoing, the Defendant, St. Elizabeth's Hospital, is vicariously liable to the Plaintiff, Gabrielle Ruijne, Individually, for the negligent and wrongful conduct of its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, as well as Saint Louis University and Southern Illinois Healthcare Foundation.

25.     That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit L") and a Report from a Health Care Professional ("See Exhibit M").

26.     As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions the Defendant, St. Elizabeth's Hospital, by and through its agents, servants and/or employees, including but not limited to its physicians, nursing staff, respiratory therapists, other healthcare providers, as well as Saint Louis University and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their employment, the Plaintiff, GABRIELLE RUIJNE, suffered injuries and infections, and was forced to undergo unnecessary procedures and treatment; the Plaintiff, GABRIELLE RUIJNE, did hire the services of doctors to cure herself and treat herself; the Plaintiff, did incur substantial medical bills and will in the future incur medical bills for which she is liable; Plaintiff, GABRIELLE RUIJNE, sustained great pain and mental anguish and will in the future sustain great pain and mental anguish; the Plaintiff, GABRIELLE RUIJNE, sustained serious permanent injuries, including but not limited to postpartum hemorrhage, infections, and was forced to undergo unnecessary procedures and treatment; the Plaintiff, GABRIELLE RUIJNE, sustained disability, disfigurement and loss of a normal life and great pain and mental anguish as a result of her injuries and damages.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, Individually, prays for judgment against the Defendant, ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, an Illinois Not-for-Profit

Corporation d/b/a ST. ELIZABETH'S HOSPITAL, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax

## COUNT XII:
## NEGLIGENCE AGAINST HSHS MEDICAL GROUP, INC.

COMES NOW the Plaintiff, GABRIELLE RUIJNE, Individually, by and through her attorney, STEVEN E. KATZMAN, and for Count XII of her cause of action against the Defendant, HSHS MEDICAL GROUP, INC., states to the Court as follows:

1.      At all relevant times mentioned herein, the Plaintiff, GABRIELLE RUIJNE, was an individual residing in St. Clair County, State of Illinois.

2.      The Defendant, HSHS Medical Group, Inc., is now and was at all times herein-mentioned a duly organized not-for-profit corporation existing under the laws of Illinois and engaged in the business of providing medical services to the general public including Gabrielle Ruijne.   At all times herein-mentioned, Defendant, HSHS Medical Group, Inc., employed physicians, nurses, and other personnel for providing medical services and all such persons were at all times acting as the agents, servants, and employees of HSHS Medical Group, Inc. and were at all times acting within the scope and course thereof.

3.      At all times mentioned herein it was the duty of the Defendant, HSHS Medical Group, Inc., by and through its agents, servants and/or employees, including but not limited to Jennifer Ray, M.D., additional physicians, nursing staff, and other healthcare providers, all of whom were acting

within the course and scope of their employment, to exercise reasonable care in the examination, diagnosis, care, and treatment of Plaintiff, GABRIELLE RUIJNE, so as not to injure or harm her.

4.      That Defendant, HSHS Medical Group, Inc., by and through its agents, servants and/or employees, including but not limited to Jennifer Ray, M.D., additional physicians, nursing staff, and other healthcare providers, all of whom were acting within the course and scope of their employment, deviated from the acceptable standard of medical care.

5.      At all times relevant to this complaint, the Plaintiff, GABRIELLE RUIJNE, relied upon the Defendant, HSHS Medical Group, Inc., to provide appropriate services through its physicians, including but not limited to Jennifer Ray, M.D., additional physicians and nursing staff, other healthcare providers, agents, servants, or employees or apparent agents.

6.      On or about July 9, 2013, the Plaintiff, GABRIELLE RUIJNE, visited the Belleville Family Practice Clinic where she was informed of her positive pregnancy test.

7.      The Plaintiff, GABRIELLE RUIJNE, continued to regularly visit the Belleville Family Practice Clinic for prenatal check-ups.

8.      On or about March 18, 2014, Plaintiff, GABRIELLE RUIJNE, presented to St. Elizabeth's Hospital expressing concerns of leaking, contractions, and that the baby was not moving as much as she should.  She was discharged and scheduled for a fetal non-stress test on March 19, 2014.

9.      On or about March 19, 2014, Plaintiff presented to the Belleville Family Medicine Clinic for an OB exam.  She was given a normal prenatal checkup and scheduled for induction on the evening of March 20, 2014.

10.     On or about March 19, 2014, Gabrielle Ruijne returned to St. Elizabeth's Hospital where she was admitted to the Labor and Delivery Department at 20:46:00.

11.     On or about March 20, 2014, at 15:50:41, Gabrielle Ruijne signed an operative consent for a cesarean section.

12.     On or about March 20, 2014, at 16:57:00, a cesarean section was called and Gabrielle Ruijne was readied for a cesarean section.

13.     On or about March 20, 2014, at 17:20:01, Gabrielle Ruijne was transferred to a cesarean section room.

14.     On or about March 20, 2014, at 17:40:00, Amelia Claire Ruijne was born with a limp blue presentation.

15.     On or about March 20, 2014, at 18:22:00, after unsuccessful resuscitation efforts, Amelia Claire Ruijne was pronounced dead at St. Elizabeth's Hospital in Belleville, Illinois.

16.     On or about March 20, 2014, Gabrielle Ruijne was diagnosed with postpartum hemorrhage and endometritis.

17.     On or about March 20, 2014, Gabrielle Ruijne was forced to undergo a blood transfusion due to her postpartum hemorrhage.

18.     On or about April 8, 2014, Gabrielle Ruijne was diagnosed with a postoperative wound infection with copious drainage.

19.     On or about April 8, 2014, Gabrielle Ruijne underwent an incision and drainage of the abdominal wall wound infection, as well as an exploratory laparotomy and abdominal wound closure with drain placement due to the extensive wound infection.

20.     Gabrielle Ruijne was required to undergo extensive and prolonged additional medical treatment as a result of the caesarean section.

21.     At the time and place aforesaid, the Defendant, HSHS Medical Group, Inc., by and through its agents, servants and/or employees, including but not limited to Jennifer Ray, M.D., additional physicians, nursing staff, and other healthcare providers, all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

a.   Negligently and carelessly failed to provide properly trained physicians and nurses to monitor the Plaintiff, GABRIELLE RUIJNE's, condition;

b.   Negligently and carelessly failed to have and/or enforce nursing protocol for its labor and delivery nurses to seek assistance through the chain of command;

c.   Negligently and carelessly failed to provide properly trained physicians to monitor the Plaintiff, GABRIELLE RUIJNE's, condition;

d.   Negligently and carelessly failed to properly monitor the development and status of the unborn fetus;

e.   Negligently and carelessly failed to deliver Amelia Claire Ruijne in a timely manner;

f.   Negligently and carelessly failed to properly administer Pitocin;

g.   Negligently and carelessly failed to properly administer Pitocin given the resting pressure of the fetus;

h.   Negligently and carelessly failed to determine that a cesarean section was required in a timely manner;

i.   Negligently and carelessly failed to perform a cesarean section in a timely manner;

j.   Negligently and carelessly failed to recognize that Amelia Claire Ruijne was not tolerating labor;

k.   Negligently and carelessly failed to adequately monitor and evaluate Gabrielle Ruijne's contractions;

l.   Negligently and carelessly failed to follow-up on Gabrielle's symptoms and concerns;

m.  Negligently and carelessly failed to adequately and properly monitor the baby's contractions and fetal heart rate;

n.  Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby;

o.  Negligently and carelessly failed to appreciate the maternal, fetal, and neonatal conditions and/or risk factors that indicated a higher risk for the necessity of neonatal resuscitation;

p.  Negligently and carelessly failed to have an OB-GYN present during labor and/or delivery of the baby;

q.  Negligently and carelessly failed to notify Gabrielle Ruijne that an OB-GYN was not present during labor and/or delivery of the baby;

r.  Negligently and carelessly failed to adequately and properly diagnose the condition of Gabrielle Ruijne;

s.  Negligently and carelessly failed, after being placed on notice, to take appropriate action and to monitor the baby closely;

t.  Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to prevent injury to Gabrielle Ruijne;

u.  Negligently and carelessly incorrectly diagnosed and improperly treated and/or failed to properly treat the Plaintiff, Gabrielle Ruijne's, condition;

v.  Negligently and carelessly failed to have medical personnel adequately trained in performing caesarian sections;

w.  Negligently and carelessly failed to have an OG-GYN perform the caesarean section when instead it was performed by a family practice physician;

x.     Negligently and carelessly failed to properly perform follow-up treatment of Gabrielle Ruijne;

y.     Negligently and carelessly failed to prevent a wound infection from developing;

z.     Negligently and carelessly failed to adequately treat her wound infection;

aa.    Negligently and carelessly failed to appreciate that Gabrielle Ruijne's prolonged, inefficient labor was increasing her risk for a postpartum hemorrhage;

bb.    Negligently and carelessly failed to adequately and properly address Gabrielle Ruijne's risks for postpartum hemorrhage;

cc.    Negligently and carelessly failed to provide proper and adequate documentation of the treatment of Gabrielle Ruijne;

dd.    Otherwise negligently and carelessly provided inadequate hospital services to the Plaintiff, Gabrielle Ruijne.

22.     Based on the foregoing, the Defendant, HSHS MEDICAL GROUP, INC., is vicariously liable to the Plaintiff, Gabrielle Ruijne, Individually, for the negligent and wrongful conduct of its agents, servants and/or employees, including but not limited to Jennifer Ray, M.D., additional physicians, nursing staff, and other healthcare providers.

23.     That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit N") and a Report from a Health Care Professional ("See Exhibit O").

24.     As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions the Defendant, HSHS MEDICAL GROUP, INC., by and through its agents, servants and/or employees, including but not limited to Jennifer Ray, M.D., additional physicians, nursing staff, and other healthcare providers, all of whom were acting within the course and scope

of their employment, the Plaintiff, GABRIELLE RUIJNE, suffered injuries and infections, and was forced to undergo unnecessary procedures and treatment; the Plaintiff, GABRIELLE RUIJNE, did hire the services of doctors to cure herself and treat herself; the Plaintiff, did incur substantial medical bills and will in the future incur medical bills for which she is liable; Plaintiff, GABRIELLE RUIJNE, sustained great pain and mental anguish and will in the future sustain great pain and mental anguish; the Plaintiff, GABRIELLE RUIJNE, sustained serious permanent injuries, including but not limited to postpartum hemorrhage, infections, and was forced to undergo unnecessary procedures and treatment; the Plaintiff, GABRIELLE RUIJNE, sustained disability, disfigurement and loss of a normal life and great pain and mental anguish as a result of her injuries and damages.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, Individually, prays for judgment against the Defendant, HSHS MEDICAL GROUP INC., in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax

## COUNT XIII:
## NEGLIGENCE AGAINST SAINT LOUIS UNIVERSITY

COMES NOW the Plaintiff, GABRIELLE RUIJNE, Individually, by and through her attorney, STEVEN E. KATZMAN, and for Count XIII of her cause of action against the Defendant, SAINT LOUIS UNIVERSITY, states to the Court as follows:

1.  At all relevant times mentioned herein, the Plaintiff, GABRIELLE RUIJNE, was an individual residing in St. Clair County, State of Illinois.

2.  The Defendant, Saint Louis University is now and was at all times herein-mentioned a Missouri not-for-profit corporation doing business in the State of Illinois. At all times, Saint Louis University provided medical services to the general public, including Gabrielle Ruijne, through the Saint Louis University Family Medicine Residency Program, which is a residency partnership with St. Elizabeth's Hospital and Southern Illinois Healthcare Foundation. At all times herein-mentioned, Defendant, Saint Louis University, employed physicians, residents, faculty, and other personnel for providing medical services to patients and all such persons were at all times acting as the agents, servants, and employees of Saint Louis University and were at all times acting within the scope and course thereof. At all times herein-mentioned, the Defendant, Saint Louis University, by and through its agents, servants, and employees provided physicians, residents, faculty, and other personnel for providing medical services to patients at the Belleville Family Medicine Clinic and St. Elizabeth's Hospital in Belleville, Illinois. At all times herein-mentioned, the agents, servants and/or employees of St. Elizabeth's Hospital, including but not limited to its physicians, nurses, respiratory therapists, and other healthcare providers, and Southern Illinois Healthcare Foundation, including but not limited to its physicians, residents, and other healthcare providers, were at all times acting as the agents, servants, and employees of Saint Louis University and were at all times acting within the scope and course of their employment and/or agency.

3.  At all times mentioned herein it was the duty of the Defendant, Saint Louis University, by and through its agents, servants and/or employees, all of whom were acting within the course and scope of their employment, to operate its residency program in such a fashion as to provide competent medical services and exercise reasonable care in the examination, diagnosis, delivery, care, and treatment of Plaintiff, GABRIELLE RUIJNE, so as not to injure or harm her.

4.       That Defendant, Saint Louis University, by and through its agents, servants and/or employees, including but not limited to its physicians, faculty, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their employment, deviated from the acceptable standard of medical care.

5.       At all times relevant to this complaint, the Plaintiff, GABRIELLE RUIJNE, relied upon the Defendant, Saint Louis University, to provide appropriate services through its physicians, other healthcare providers, including but not limited to its physicians, faculty, residents, and other healthcare providers, agents, servants, or employees or apparent agents, as well as St. Elizabeth's Hospital and Southern Illinois Healthcare Foundation.

6.       On or about July 9, 2013, the Plaintiff, GABRIELLE RUIJNE, visited the Belleville Family Practice Clinic where she was informed of her positive pregnancy test.

7.       The Plaintiff, GABRIELLE RUIJNE, continued to regularly visit the Belleville Family Practice Clinic for prenatal check-ups.

8.       On or about March 18, 2014, Plaintiff, GABRIELLE RUIJNE, presented to St. Elizabeth's Hospital expressing concerns of leaking, contractions, and that the baby was not moving as much as she should.  She was discharged and scheduled for a fetal non-stress test on March 19, 2014.

9.       On or about March 19, 2014, Plaintiff presented to the Belleville Family Medicine Clinic for an OB exam.  She was given a normal prenatal checkup and scheduled for induction on the evening of March 20, 2014.

10.      On or about March 19, 2014, Gabrielle Ruijne returned to St. Elizabeth's Hospital where she was admitted to the Labor and Delivery Department at 20:46:00.

11.      On or about March 20, 2014, at 15:50:41, Gabrielle Ruijne signed an operative consent for a cesarean section.

12.     On or about March 20, 2014, at 16:57:00, a cesarean section was called and Gabrielle Ruijne was readied for a cesarean section.

13.     On or about March 20, 2014, at 17:20:01, Gabrielle Ruijne was transferred to a cesarean section room.

14.     On or about March 20, 2014, at 17:40:00, Amelia Claire Ruijne was born with a limp blue presentation.

15.     On or about March 20, 2014, at 18:22:00, after unsuccessful resuscitation efforts, Amelia Claire Ruijne was pronounced dead at St. Elizabeth's Hospital in Belleville, Illinois.

16.     On or about March 20, 2014, Gabrielle Ruijne was diagnosed with postpartum hemorrhage and endometritis.

17.     On or about March 20, 2014, Gabrielle Ruijne was forced to undergo a blood transfusion due to her postpartum hemorrhage.

18.     On or about April 8, 2014, Gabrielle Ruijne was diagnosed with a postoperative wound infection with copious drainage.

19.     On or about April 8, 2014, Gabrielle Ruijne underwent an incision and drainage of the abdominal wall wound infection, as well as an exploratory laparotomy and abdominal wound closure with drain placement due to the extensive wound infection.

20.     Gabrielle Ruijne was required to undergo extensive and prolonged additional medical treatment as a result of the caesarean section.

21.     At the time and place aforesaid, the Defendant, Saint Louis University, by and through its agents, servants and/or employees, including but not limited to its physicians, faculty, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Southern Illinois Healthcare Foundation, all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

a. Negligently and carelessly failed to provide properly trained physicians and residents to monitor the Plaintiff, GABRIELLE RUIJNE's, condition;

b. Negligently and carelessly failed to train the physicians in its residency program;

c. Negligently and carelessly failed to properly monitor the care given by the physicians in its residency program;

d. Negligently and carelessly failed to have competent supervisory staff to check the patients being treated by the residents in its program;

e. Negligently and carelessly failed to have and/or enforce protocol for its residents to seek assistance through the chain of command;

f. Negligently and carelessly failed to properly monitor the development and status of the unborn fetus;

g. Negligently and carelessly failed to deliver Amelia Claire Ruijne in a timely manner;

h. Negligently and carelessly failed to properly administer Pitocin;

i. Negligently and carelessly failed to properly administer Pitocin given the resting pressure of the fetus;

j. Negligently and carelessly failed to determine that a cesarean section was required in a timely manner;

k. Negligently and carelessly failed to perform a cesarean section in a timely manner;

l. Negligently and carelessly failed to recognize that Amelia Claire Ruijne was not tolerating labor;

m. Negligently and carelessly failed to adequately monitor and evaluate Gabrielle Ruijne's contractions;

n.    Negligently and carelessly failed to follow-up on Gabrielle's symptoms and concerns;

o.    Negligently and carelessly failed to adequately and properly monitor the baby's contractions and fetal heart rate;

p.    Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby;

q.    Negligently and carelessly failed to have an OB-GYN present during labor and/or delivery of the baby;

r.    Negligently and carelessly failed to notify Gabrielle Ruijne that an OB-GYN was not present during labor and/or delivery of the baby;

s.    Negligently and carelessly failed to adequately and properly diagnose the condition of Gabrielle Ruijne and the baby;

t.    Negligently and carelessly failed, after being placed on notice, to take appropriate action and to monitor the baby closely;

u.    Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to prevent injury to Gabrielle Ruijne;

v.    Negligently and carelessly incorrectly diagnosed and improperly treated and/or failed to properly treat the Plaintiff, Gabrielle Ruijne's, condition;

w.    Negligently and carelessly failed to have medical personnel adequately trained in performing caesarian sections;

x.    Negligently and carelessly failed to have an OG-GYN perform the caesarean section when instead it was performed by a family practice physician;

y.      Negligently and carelessly failed to properly perform follow-up treatment of Gabrielle Ruijne;

z.      Negligently and carelessly failed to prevent a wound infection from developing;

aa.     Negligently and carelessly failed to adequately treat her wound infection;

bb.     Negligently and carelessly failed to appreciate that Gabrielle Ruijne's prolonged, inefficient labor was increasing her risk for a postpartum hemorrhage;

cc.     Negligently and carelessly failed to adequately and properly address Gabrielle Ruijne's risks for postpartum hemorrhage;

dd.     Negligently and carelessly failed to provide proper and adequate documentation of the treatment of Gabrielle Ruijne;

ee.     Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, Gabrielle Ruijne.

22.     Based on the foregoing, the Defendant, Saint Louis University, is vicariously liable to the Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, deceased, for the negligent and wrongful conduct of its agents, servants and/or employees, including but not limited to its physicians, faculty, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Southern Illinois Healthcare Foundation.

23.     That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit P") and a Report from a Health Care Professional ("See Exhibit Q").

24.     As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions the Defendant, Saint Louis University, by and through its agents, servants and/or employees, including but not limited to its physicians, faculty, residents, and other

healthcare providers, as well as St. Elizabeth's Hospital and Southern Illinois Healthcare

Foundation, all of whom were acting within the course and scope of their employment, the

Plaintiff, GABRIELLE RUIJNE, suffered injuries and infections, and was forced to undergo

unnecessary procedures and treatment; the Plaintiff, GABRIELLE RUIJNE, did hire the services

of doctors to cure herself and treat herself; the Plaintiff, did incur substantial medical bills and will

in the future incur medical bills for which she is liable; Plaintiff, GABRIELLE RUIJNE, sustained

great pain and mental anguish and will in the future sustain great pain and mental anguish; the

Plaintiff, GABRIELLE RUIJNE, sustained serious permanent injuries, including but not limited

to postpartum hemorrhage, infections, and was forced to undergo unnecessary procedures and

treatment; the Plaintiff, GABRIELLE RUIJNE, sustained disability, disfigurement and loss of a

normal life and great pain and mental anguish as a result of her injuries and damages.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE,

Individually, prays for judgment against the Defendant, SAINT LOUIS UNIVERSITY, in a sum in

excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax

## COUNT XIV:
## NEGLIGENCE AGAINST SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC.

COMES NOW the Plaintiff, GABRIELLE RUIJNE, Individually, by and through her

attorney, STEVEN E. KATZMAN, and for Count XIV of her cause of action against the

Defendant, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., states to the Court as follows:

1.     At all relevant times mentioned herein, the Plaintiff, GABRIELLE RUIJNE, was an individual residing in St. Clair County, State of Illinois.

2.     The Defendant, Southern Illinois Healthcare Foundation, Inc. (hereinafter Southern Illinois Healthcare Foundation) is now and was at all times herein-mentioned a duly organized not-for-profit corporation existing under the laws of Illinois and engaged in the business of providing medical services to the general public, including Gabrielle Ruijne. At all times herein-mentioned, Defendant, Southern Illinois Healthcare Foundation, employed physicians and other personnel for providing medical services to patients and all such persons were at all times acting as the agents, servants, and employees of Southern Illinois Healthcare Foundation and were at all times acting within the scope and course thereof.

3.     At all relevant times herein-mentioned, Southern Illinois Healthcare Foundation was involved in a partnership with Saint Louis University and St. Elizabeth's Hospital, referred to as the Saint Louis University Family Medicine Residency Program. At all times herein-mentioned, the agents, servants and/or employees of Saint Louis University, including but not limited to its physicians, residents, and other healthcare providers, and St. Elizabeth's Hospital, including but not limited to its physicians, nursing staff, respiratory therapists, and other healthcare providers, were at all times acting as the agents, servants, and/or employees of Southern Illinois Healthcare Foundation and were at all times acting within the scope and course of their employment and/or agency.

4.     At all times mentioned herein it was the duty of the Defendant, Southern Illinois Healthcare Foundation, Inc., by and through its agents, servants and/or employees, including but not limited to Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Saint Louis University, all of whom were acting within the course

and scope of their employment, to exercise reasonable care in the examination, diagnosis, delivery, resuscitation, care, and treatment of Plaintiff, GABRIELLE RUIJNE, so as not to injure or harm her.

5.     At all times mentioned herein it was the duty of the Defendant, Southern Illinois Healthcare Foundation, Inc., by and through its agents, servants and/or employees, including but not limited to Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Saint Louis University, all of whom were acting within the course and scope of their employment, to exercise reasonable care in the examination, diagnosis, care, and treatment of Plaintiff, GABRIELLE RUIJNE, so as not to injure or harm her and/or Amelia Claire Ruijne.

6.     That Defendant, Southern Illinois Healthcare Foundation, Inc., by and through its agents, servants and/or employees, including but not limited to Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Saint Louis University, all of whom were acting within the course and scope of their employment, deviated from the acceptable standard of medical care.

7.     At all times relevant to this complaint, the Plaintiff, GABRIELLE RUIJNE, relied upon the Defendant, Southern Illinois Healthcare Foundation, Inc., to provide appropriate services through its physicians, including but not limited to Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, agents, servants, employees or apparent agents, as well as St. Elizabeth's Hospital and Saint Louis University.

8.     On or about July 9, 2013, the Plaintiff, GABRIELLE RUIJNE, visited the Belleville Family Practice Clinic where she was informed of her positive pregnancy test.

9.     The Plaintiff, GABRIELLE RUIJNE, continued to regularly visit the Belleville Family Practice Clinic for prenatal check-ups.

10.    On or about March 18, 2014, Plaintiff, GABRIELLE RUIJNE, presented to St. Elizabeth's Hospital expressing concerns of leaking, contractions, and that the baby was not

moving as much as she should.  She was discharged and scheduled for a fetal non-stress test on March 19, 2014.

11.     On or about March 19, 2014, Plaintiff presented to the Belleville Family Medicine Clinic for an OB exam.  She was given a normal prenatal checkup and scheduled for induction on the evening of March 20, 2014.

12.     On or about March 19, 2014, Gabrielle Ruijne returned to St. Elizabeth's Hospital where she was admitted to the Labor and Delivery Department at 20:46:00.

13.     On or about March 20, 2014, at 15:50:41, Gabrielle Ruijne signed an operative consent for a cesarean section.

14.     On or about March 20, 2014, at 16:57:00, a cesarean section was called and Gabrielle Ruijne was readied for a cesarean section.

15.     On or about March 20, 2014, at 17:20:01, Gabrielle Ruijne was transferred to a cesarean section room.

16.     On or about March 20, 2014, at 17:40:00, Amelia Claire Ruijne was born with a limp blue presentation.

17.     On or about March 20, 2014, at 18:22:00, after unsuccessful resuscitation efforts, Amelia Claire Ruijne was pronounced dead at St. Elizabeth's Hospital in Belleville, Illinois.

18.     On or about March 20, 2014, Gabrielle Ruijne was diagnosed with postpartum hemorrhage and endometritis.

19.     On or about March 20, 2014, Gabrielle Ruijne was forced to undergo a blood transfusion due to her postpartum hemorrhage.

20.     On or about April 8, 2014, Gabrielle Ruijne was diagnosed with a postoperative wound infection with copious drainage.

21.     On or about April 8, 2014, Gabrielle Ruijne underwent an incision and drainage of the abdominal wall wound infection, as well as an exploratory laparotomy and abdominal wound closure with drain placement due to the extensive wound infection.

22.     Gabrielle Ruijne was required to undergo extensive and prolonged additional medical treatment as a result of the caesarean section.

23.     At the time and place aforesaid, the Defendant, Southern Illinois Healthcare Foundation, Inc., by and through its agents, servants and/or employees, including but not limited to Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Saint Louis University, all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

    a.     Negligently and carelessly failed to provide properly trained physicians and nurses to monitor the Plaintiff, GABRIELLE RUIJNE's, condition;

    b.     Negligently and carelessly failed to properly monitor the development and status of the unborn fetus;

    c.     Negligently and carelessly failed to deliver Amelia Claire Ruijne in a timely manner;

    d.     Negligently and carelessly failed to properly administer Pitocin;

    e.     Negligently and carelessly failed to properly administer Pitocin given the resting pressure of the fetus;

    f.     Negligently and carelessly failed to determine that a cesarean section was required in a timely manner;

    g.     Negligently and carelessly failed to perform a cesarean section in a timely manner;

h.  Negligently and carelessly failed to recognize that Amelia Claire Ruijne was not tolerating labor;

i.  Negligently and carelessly failed to adequately monitor and evaluate Gabrielle Ruijne's contractions;

j.  Negligently and carelessly failed to follow-up on Gabrielle's symptoms and concerns;

k.  Negligently and carelessly failed to adequately and properly monitor the baby's contractions and fetal heart rate;

l.  Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby;

m.  Negligently and carelessly failed to appreciate the maternal, fetal, and neonatal conditions and/or risk factors that indicated a higher risk for the necessity of neonatal resuscitation;

n.  Negligently and carelessly failed to have an OB-GYN present during labor and/or delivery of the baby;

o.  Negligently and carelessly failed to notify Gabrielle Ruijne that an OB-GYN was not present during labor and/or delivery of the baby;

p.  Negligently and carelessly failed to adequately and properly diagnose the condition of Gabrielle Ruijne;

q.  Negligently and carelessly failed, after being placed on notice, to take appropriate action and to monitor the baby closely;

r.  Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to prevent injury to Gabrielle Ruijne;

s.    Negligently and carelessly incorrectly diagnosed and improperly treated and/or failed to properly treat the Plaintiff, Gabrielle Ruijne's, condition;

t.    Negligently and carelessly failed to have medical personnel adequately trained in performing caesarian sections;

u.    Negligently and carelessly failed to have an OG-GYN perform the caesarean section when instead it was performed by a family practice physician;

v.    Negligently and carelessly failed to properly perform follow-up treatment of Gabrielle Ruijne;

w.    Negligently and carelessly failed to prevent a wound infection from developing;

x.    Negligently and carelessly failed to adequately treat her wound infection;

y.    Negligently and carelessly failed to appreciate that Gabrielle Ruijne's prolonged, inefficient labor was increasing her risk for a postpartum hemorrhage;

z.    Negligently and carelessly failed to adequately and properly address Gabrielle Ruijne's risks for postpartum hemorrhage;

aa.   Negligently and carelessly failed to provide proper and adequate documentation of the treatment of Gabrielle Ruijne;

bb.   Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, Gabrielle Ruijne.

24.    Based on the foregoing, the Defendant, Southern Illinois Healthcare Foundation, Inc., is vicariously liable to the Plaintiff, Gabrielle Ruijne, Individually, for the negligent and wrongful conduct of its agents, servants and/or employees, including but not limited to Marjorie

Guthrie, M.D., additional physicians, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Saint Louis University.

25.    That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit R") and a Report from a Health Care Professional ("See Exhibit S").

26.    As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions the Defendant, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., by and through its agents, servants and/or employees, including but not limited to Marjorie Guthrie, M.D., additional physicians, residents, and other healthcare providers, as well as St. Elizabeth's Hospital and Saint Louis University, all of whom were acting within the course and scope of their employment, the Plaintiff, GABRIELLE RUIJNE, suffered injuries and infections, and was forced to undergo unnecessary procedures and treatment; the Plaintiff, GABRIELLE RUIJNE, did hire the services of doctors to cure herself and treat herself; the Plaintiff, did incur substantial medical bills and will in the future incur medical bills for which she is liable; Plaintiff, GABRIELLE RUIJNE, sustained great pain and mental anguish and will in the future sustain great pain and mental anguish; the Plaintiff, GABRIELLE RUIJNE, sustained serious permanent injuries, including but not limited to postpartum hemorrhage, infections, and was forced to undergo unnecessary procedures and treatment; the Plaintiff, GABRIELLE RUIJNE, sustained disability, disfigurement and loss of a normal life and great pain and mental anguish as a result of her injuries and damages.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, Individually, prays for judgment against the Defendant, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax

## COUNT XV:
## NEGLIGENCE AGAINST MARJORIE GUTHRIE, M.D.

COMES NOW the Plaintiff, GABRIELLE RUIJNE, Individually, by and through her attorney, STEVEN E. KATZMAN, and for Count XV of her cause of action against the Defendant, MARJORIE GUTHRIE, M.D., states to the Court as follows:

1.       At all relevant times mentioned herein, the Plaintiff, GABRIELLE RUIJNE, was an individual residing in St. Clair County, State of Illinois.

2.       For all relevant times mentioned herein, the Defendant, MARJORIE GUTHRIE, M.D., was a licensed physician practicing in the State of Illinois and had her office at 180 South 3rd St., Belleville, Illinois and held herself out as a skilled and knowledgeable family practice physician competent to practice in the field of obstetrics and gynecology.

3.       At all relevant times, Marjorie Guthrie, M.D. provided medical services to the general public, including Gabrielle Ruijne, through a residency partnership with St. Elizabeth's Hospital, Southern Illinois Healthcare Foundation, and Saint Louis University known as the Saint Louis University Family Medicine Residency Program.

4.       For all relevant times mentioned herein, the Defendant, MARJORIE GUTHRIE, M.D., was the program director for the Saint Louis University Family Medicine Residency Program.

5.       At all times mentioned herein it was the duty of the Defendant, Marjorie Guthrie, M.D., individually and through her agents, servants and/or employees, including but not limited to

residents and other healthcare providers, all of whom were acting within the course and scope of their employment, to possess and apply the knowledge, use, care, and skill ordinarily used by reasonably well-qualified physicians in the same or similar locality under similar circumstances and to exercise reasonable care in the examination, diagnosis, care, and treatment of Plaintiff, GABRIELLE RUIJNE, so as not to injure or harm her and/or Amelia Claire Ruijne.

6.     That Defendant, Marjorie Guthrie, M.D., individually and through her agents, servants and/or employees, including but not limited to residents and other healthcare providers, all of whom were acting within the course and scope of their employment, deviated from the acceptable standard of medical care.

7.     At all times relevant to this complaint, the Plaintiff, GABRIELLE RUIJNE, relied upon the Defendant, Marjorie Guthrie, M.D., to provide appropriate services through herself, her residents, other healthcare providers, agents, servants, employees or apparent agents.

8.     On or about July 9, 2013, the Plaintiff, GABRIELLE RUIJNE, visited the Belleville Family Medicine Clinic where she was informed of her positive pregnancy test.

9.     On November 12, 2013, the Plaintiff, underwent an obstetric sonogram which provided an estimated delivery date by ultrasound of March 10, 2014 and an estimated delivery date by last menstrual period of March 14, 2014.

10.     The Plaintiff, GABRIELLE RUIJNE, continued to regularly visit the Belleville Family Practice Clinic for prenatal check-ups.

11.     On or about March 18, 2014, Plaintiff, GABRIELLE RUIJNE, presented to St. Elizabeth's Hospital expressing concerns of leaking, contractions, and that the baby was not moving as much as she should.  She was discharged and scheduled for a fetal non-stress test on March 19, 2014.

12.     On or about March 19, 2014, Plaintiff presented to the Belleville Family Medicine Clinic for an OB exam. She was given a normal prenatal checkup and scheduled for induction on the evening of March 20, 2014.

13.     On or about March 19, 2014, Gabrielle Ruijne returned to St. Elizabeth's Hospital where she was admitted to the Labor and Delivery Department at 20:46:00.

14.     On or about March 20, 2014, at 15:50:41, Gabrielle Ruijne signed an operative consent for a cesarean section.

15.     On or about March 20, 2014, at 16:57:00, a cesarean section was called and Gabrielle Ruijne was readied for a cesarean section.

16.     On or about March 20, 2014, at 17:40:00, Amelia Claire Ruijne was born with a limp blue presentation.

17.     On or about March 20, 2014, at 18:22:00, after unsuccessful resuscitation efforts, Amelia Claire Ruijne was pronounced dead at St. Elizabeth's Hospital in Belleville, Illinois.

18.     On or about March 20, 2014, Gabrielle Ruijne was diagnosed with postpartum hemorrhage and endometritis.

19.     On or about March 20, 2014, Gabrielle Ruijne was forced to undergo a blood transfusion due to her postpartum hemorrhage.

20.     On or about April 8, 2014, Gabrielle Ruijne was diagnosed with a postoperative wound infection with copious drainage.

21.     On or about April 8, 2014, Gabrielle Ruijne underwent an incision and drainage of the abdominal wall wound infection, as well as an exploratory laparotomy and abdominal wound closure with drain placement due to the extensive wound infection.

22.     Gabrielle Ruijne was required to undergo extensive and prolonged additional medical treatment as a result of the caesarean section.

23.     At the time and place aforesaid, the Defendant, Marjorie Guthrie, M.D., individually and through her agents, servants and/or employees, including but not limited to residents and other healthcare providers, all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

a.     Negligently and carelessly failed to provide properly trained physicians and residents to monitor the Plaintiff, GABRIELLE RUIJNE's, condition;

b.     Negligently and carelessly failed to train the physicians in the residency program;

c.     Negligently and carelessly failed to properly monitor the care given by the physicians in the residency program;

d.     Negligently and carelessly failed to have competent supervisory staff to check the patients being treated by the residents in the program;

e.     Negligently and carelessly failed to have and/or enforce protocol for its residents to seek assistance through the chain of command;

f.     Negligently and carelessly failed to properly monitor the development and status of the unborn fetus;

g.     Negligently and carelessly failed to deliver Amelia Claire Ruijne in a timely manner;

h.     Negligently and carelessly failed to properly administer Pitocin;

i.     Negligently and carelessly failed to properly administer Pitocin given the resting pressure of the fetus;

j.     Negligently and carelessly failed to determine that a cesarean section was required in a timely manner;

k.  Negligently and carelessly failed to perform a cesarean section in a timely manner;

l.  Negligently and carelessly failed to recognize that Amelia Claire Ruijne was not tolerating labor;

m.  Negligently and carelessly failed to adequately monitor and evaluate Gabrielle Ruijne's contractions;

n.  Negligently and carelessly failed to follow-up on Gabrielle's symptoms and concerns;

o.  Negligently and carelessly failed to adequately and properly monitor the baby's contractions and fetal heart rate;

p.  Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby;

q.  Negligently and carelessly failed to appreciate the maternal, fetal, and neonatal conditions and/or risk factors that indicated a higher risk for the necessity of neonatal resuscitation;

r.  Negligently and carelessly failed to have an OB-GYN present during labor and/or delivery of the baby;

s.  Negligently and carelessly failed to notify Gabrielle Ruijne that an OB-GYN was not present during labor and/or delivery of the baby;

t.  Negligently and carelessly failed to adequately and properly diagnose the condition of Gabrielle Ruijne;

u.  Negligently and carelessly failed, after being placed on notice, to take appropriate action and to monitor the baby closely;

v.   Negligently and carelessly failed to perform a caesarean section in a timely manner when it knew or should have known that the procedure was necessary to prevent injury to Gabrielle Ruijne;

w.   Negligently and carelessly incorrectly diagnosed and improperly treated and/or failed to properly treat the Plaintiff, Gabrielle Ruijne's, condition;

x.   Negligently and carelessly failed to have medical personnel adequately trained in performing caesarian sections;

y.   Negligently and carelessly failed to have an OG-GYN perform the caesarean section when instead it was performed by a family practice physician;

z.   Negligently and carelessly failed to properly perform follow-up treatment of Gabrielle Ruijne;

aa.   Negligently and carelessly failed to prevent a wound infection from developing;

bb.   Negligently and carelessly failed to adequately treat her wound infection;

cc.   Negligently and carelessly failed to appreciate that Gabrielle Ruijne's prolonged, inefficient labor was increasing her risk for a postpartum hemorrhage;

dd.   Negligently and carelessly failed to adequately and properly address Gabrielle Ruijne's risks for postpartum hemorrhage;

ee.   Negligently and carelessly failed to provide proper and adequate documentation of the treatment of Gabrielle Ruijne;

ff.   Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, Gabrielle Ruijne.

24.     That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit T") and a Report from a Health Care Professional ("See Exhibit U").

25.     As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions the Defendant, MARJORIE GUTHRIE, M.D., individually and through her agents, servants and/or employees, including but not limited to residents and other healthcare providers, all of whom were acting within the course and scope of their employment, the Plaintiff, GABRIELLE RUIJNE, suffered injuries and infections, and was forced to undergo unnecessary procedures and treatment; the Plaintiff, GABRIELLE RUIJNE, did hire the services of doctors to cure herself and treat herself; the Plaintiff, did incur substantial medical bills and will in the future incur medical bills for which she is liable; Plaintiff, GABRIELLE RUIJNE, sustained great pain and mental anguish and will in the future sustain great pain and mental anguish; the Plaintiff, GABRIELLE RUIJNE, sustained serious permanent injuries, including but not limited to postpartum hemorrhage, infections, and was forced to undergo unnecessary procedures and treatment; the Plaintiff, GABRIELLE RUIJNE, sustained disability, disfigurement and loss of a normal life and great pain and mental anguish as a result of her injuries and damages.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, Individually, prays for judgment against the Defendant, MARJORIE GUTHRIE, M.D., in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax

## COUNT XVI:
## LOSS OF CONSORTIUM AGAINST ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, AN ILLINOIS NOT-FOR-PROFIT CORPORATION d/b/a ST. ELIZABETH'S HOSPITAL

COMES NOW the Plaintiff, MARCELL RUIJNE, Individually, by and through his attorney, STEVEN E. KATZMAN, and for Count XVI of his cause of action against the Defendant, ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, an Illinois Not-for-Profit Corporation d/b/a ST. ELIZABETH'S HOSPITAL, states to the Court as follows:

1.      On or about March 19, 2014, and all relevant times before and after, the Plaintiff, MARCELL RUIJNE, was and is the lawfully wedded husband of the Plaintiff, GABRIELLE RUIJNE, and was living with, consorting with, and cohabitating with the Plaintiff, GABRIELLE RUIJNE.

2-24.    The Plaintiff hereby adopts and incorporates paragraphs 1-23 including all subparagraphs of Count XI of this Complaint as 2-24 including all subparagraphs of Count XVI of this Complaint.

25.     As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions the Defendant, St. Elizabeth's Hospital, by and through its agents, servants and/or employees all of whom were acting within the course and scope of their employment, GABRIELLE RUIJNE, suffered injuries and infections, and was forced to undergo unnecessary procedures and treatment; GABRIELLE RUIJNE, did hire the services of doctors to cure herself and treat herself; Gabrielle Ruijne, did incur substantial medical bills and will in the future incur medical bills for which she is liable; GABRIELLE RUIJNE, sustained great pain and mental anguish and will in the future sustain great pain and mental anguish; GABRIELLE RUIJNE, sustained serious permanent injuries, including but not limited to postpartum hemorrhage,

infections, and was forced to undergo unnecessary procedures and treatment; GABRIELLE RUIJNE, sustained disability, disfigurement and loss of a normal life and great pain and mental anguish as a result of her injuries and damages.

26. As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions, the Defendant, St. Elizabeth's Hospital and the injuries and damage suffered by the Plaintiff, GABRIELLE RUIJNE, the Plaintiff, MARCELL RUIJNE, has suffered the loss of services of his wife, GABRIELLE RUIJNE, which prior to her injuries were of great value to him and he has been deprived of her affection, society, companionship, and consortium; the Plaintiff, MARCELL RUIJNE, has been and will continue to be hindered and prevented from transacting and attending to his usual business and affairs; that the Plaintiff, MARCELL RUIJNE, has been and will continue to be otherwise greatly injured and inconvenienced by the wrongful conduct of the Defendant, St. Elizabeth's Hospital, all to his permanent detriment in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs of the suit.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, MARCELL RUIJNE, prays for judgment against the Defendant, ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, an Illinois Not-for-Profit Corporation d/b/a ST. ELIZABETH'S HOSPITAL, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

## COUNT XVII:
## LOSS OF CONSORTIUM AGAINST HSHS MEDICAL GROUP, INC.

COMES NOW the Plaintiff, MARCELL RUIJNE, Individually, by and through his attorney, STEVEN E. KATZMAN, and for Count XVII of his cause of action against the Defendant, HSHS MEDICAL GROUP INC., states to the Court as follows:

1.      On or about March 19, 2014, and all relevant times before and after, the Plaintiff, MARCELL RUIJNE, was and is the lawfully wedded husband of the Plaintiff, GABRIELLE RUIJNE, and was living with, consorting with, and cohabitating with the Plaintiff, GABRIELLE RUIJNE.

2-22.   The Plaintiff hereby adopts and incorporates paragraphs 1-21 including all subparagraphs of Count XII of this Complaint as 2-22 including all subparagraphs of Count XVII of this Complaint.

23.     As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions the Defendant, HSHS MEDICAL GROUP, INC., by and through its agents, servants and/or employees all of whom were acting within the course and scope of their employment, GABRIELLE RUIJNE, suffered injuries and infections, and was forced to undergo unnecessary procedures and treatment; GABRIELLE RUIJNE, did hire the services of doctors to cure herself and treat herself; Gabrielle Ruijne, did incur substantial medical bills and will in the future incur medical bills for which she is liable; GABRIELLE RUIJNE, sustained great pain and mental anguish and will in the future sustain great pain and mental anguish; GABRIELLE RUIJNE, sustained serious permanent injuries, including but not limited to postpartum hemorrhage, infections, and was forced to undergo unnecessary procedures and treatment; GABRIELLE RUIJNE, sustained disability, disfigurement and loss of a normal life and great pain and mental anguish as a result of her injuries and damages.

24.    As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions, the Defendant HSHS MEDICAL GROUP, INC., and the injuries and damage suffered by the Plaintiff, GABRIELLE RUIJNE, the Plaintiff, MARCELL RUIJNE, has suffered the loss of services of his wife, GABRIELLE RUIJNE, which prior to her injuries were of great value to him and he has been deprived of her affection, society, companionship, and consortium; the Plaintiff, MARCELL RUIJNE, has been and will continue to be hindered and prevented from transacting and attending to his usual business and affairs; that the Plaintiff, MARCELL RUIJNE, has been and will continue to be otherwise greatly injured and inconvenienced by the wrongful conduct of the Defendant, HSHS MEDICAL GROUP, INC., all to his permanent detriment in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs of the suit.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, MARCELL RUIJNE, prays for judgment against the Defendant, HSHS MEDICAL GROUP, INC., in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

## COUNT XVIII
## LOSS OF CONSORTIUM AGAINST SAINT LOUIS UNIVERSITY

COMES NOW the Plaintiff, MARCELL RUIJNE, Individually, by and through his attorney, STEVEN E. KATZMAN, and for Count XVIII of his cause of action against the Defendant, SAINT LOUIS UNIVERSITY, states to the Court as follows:

1.     On or about March 19, 2014, and all relevant times before and after, the Plaintiff, MARCELL RUIJNE, was and is the lawfully wedded husband of the Plaintiff, GABRIELLE RUIJNE, and was living with, consorting with, and cohabitating with the Plaintiff, GABRIELLE RUIJNE.

2-22.  The Plaintiff hereby adopts and incorporates paragraphs 1-21 including all subparagraphs of Count XIII of this Complaint as 2-22 including all subparagraphs of Count XVIII of this Complaint.

23.    As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions the Defendant, SAINT LOUIS UNIVERSITY, by and through its agents, servants and/or employees all of whom were acting within the course and scope of their employment, GABRIELLE RUIJNE, suffered injuries and infections, and was forced to undergo unnecessary procedures and treatment; GABRIELLE RUIJNE, did hire the services of doctors to cure herself and treat herself; Gabrielle Ruijne, did incur substantial medical bills and will in the future incur medical bills for which she is liable; GABRIELLE RUIJNE, sustained great pain and mental anguish and will in the future sustain great pain and mental anguish; GABRIELLE RUIJNE, sustained serious permanent injuries, including but not limited to postpartum hemorrhage, infections, and was forced to undergo unnecessary procedures and treatment; GABRIELLE RUIJNE, sustained disability, disfigurement and loss of a normal life and great pain and mental anguish as a result of her injuries and damages.

24.    As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions, the Defendant, SAINT LOUIS UNIVERSITY and the injuries and damage suffered by the Plaintiff, GABRIELLE RUIJNE, the Plaintiff, MARCELL RUIJNE, has suffered the loss of services of his wife, GABRIELLE RUIJNE, which prior to her injuries were of great value to him and he has been deprived of her affection, society, companionship, and consortium; the Plaintiff, MARCELL RUIJNE, has been and will continue to be hindered and prevented from

transacting and attending to his usual business and affairs; that the Plaintiff, MARCELL RUIJNE, has been and will continue to be otherwise greatly injured and inconvenienced by the wrongful conduct of the Defendant, SAINT LOUIS UNIVERSITY, all to his permanent detriment in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs of the suit.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, MARCELL RUIJNE, prays for judgment against the Defendant, SAINT LOUIS UNIVERSITY, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

> STEVEN E. KATZMAN #01414321
> DANIEL C. KATZMAN #6306299
> Attorneys for Plaintiffs
> **PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

## COUNT XIX:
## LOSS OF CONSORTIUM AGAINST SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC.

COMES NOW the Plaintiff, MARCELL RUIJNE, Individually, by and through his attorney, STEVEN E. KATZMAN, and for Count XIX of his cause of action against the Defendant, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., states to the Court as follows:

1.       On or about March 19, 2014, and all relevant times before and after, the Plaintiff, MARCELL RUIJNE, was and is the lawfully wedded husband of the Plaintiff, GABRIELLE RUIJNE, and was living with, consorting with, and cohabitating with the Plaintiff, GABRIELLE RUIJNE.

2-24.   The Plaintiff hereby adopts and incorporates paragraphs 1-23 including all subparagraphs of Count XIV of this Complaint as 2-24 including all subparagraphs of Count XIX of this Complaint.

25.   As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions the Defendant, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, by and through its agents, servants and/or employees all of whom were acting within the course and scope of their employment, GABRIELLE RUIJNE, suffered injuries and infections, and was forced to undergo unnecessary procedures and treatment; GABRIELLE RUIJNE, did hire the services of doctors to cure herself and treat herself; Gabrielle Ruijne, did incur substantial medical bills and will in the future incur medical bills for which she is liable; GABRIELLE RUIJNE, sustained great pain and mental anguish and will in the future sustain great pain and mental anguish; GABRIELLE RUIJNE, sustained serious permanent injuries, including but not limited to postpartum hemorrhage, infections, and was forced to undergo unnecessary procedures and treatment; GABRIELLE RUIJNE, sustained disability, disfigurement and loss of a normal life and great pain and mental anguish as a result of her injuries and damages.

26.   As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions, the Defendant, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, and the injuries and damage suffered by the Plaintiff, GABRIELLE RUIJNE, the Plaintiff, MARCELL RUIJNE, has suffered the loss of services of his wife, GABRIELLE RUIJNE, which prior to her injuries were of great value to him and he has been deprived of her affection, society, companionship, and consortium; the Plaintiff, MARCELL RUIJNE, has been and will continue to be hindered and prevented from transacting and attending to his usual business and affairs; that the Plaintiff, MARCELL RUIJNE, has been and will continue to be otherwise greatly injured and inconvenienced by the wrongful conduct of the Defendant, SOUTHERN ILLINOIS

HEALTHCARE FOUNDATION, all to his permanent detriment in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs of the suit.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, MARCELL RUIJNE, prays for judgment against the Defendant, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

_____
STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

## · COUNT XX:
## LOSS OF CONSORTIUM AGAINST MARJORIE GUTHRIE, M.D.

COMES NOW the Plaintiff, MARCELL RUIJNE, Individually, by and through his attorney, STEVEN E. KATZMAN, and for Count XX of his cause of action against the Defendant, MARJORIE GUTHRIE, M.D., states to the Court as follows:

1.      On or about March 19, 2014, and all relevant times before and after, the Plaintiff, MARCELL RUIJNE, was and is the lawfully wedded husband of the Plaintiff, GABRIELLE RUIJNE, and was living with, consorting with, and cohabitating with the Plaintiff, GABRIELLE RUIJNE.

2-24.   The Plaintiff hereby adopts and incorporates paragraphs 1-23 including all subparagraphs of Count XV of this Complaint as 2-24 including all subparagraphs of Count XX of this Complaint.

25.     As a direct and proximate result of one, some, or all of the aforementioned negligent acts and/or omissions the Defendant, MARJORIE GUTHRIE, M.D., individually and by and

through her agents, servants and/or employees all of whom were acting within the course and scope

of their employment, GABRIELLE RUIJNE, suffered injuries and infections, and was forced to

undergo unnecessary procedures and treatment; GABRIELLE RUIJNE, did hire the services of

doctors to cure herself and treat herself; Gabrielle Ruijne, did incur substantial medical bills and

will in the future incur medical bills for which she is liable; GABRIELLE RUIJNE, sustained great

pain and mental anguish and will in the future sustain great pain and mental anguish; GABRIELLE

RUIJNE, sustained serious permanent injuries, including but not limited to postpartum

hemorrhage, infections, and was forced to undergo unnecessary procedures and treatment;

GABRIELLE RUIJNE, sustained disability, disfigurement and loss of a normal life and great pain

and mental anguish as a result of her injuries and damages.

26.     As a direct and proximate result of one, some, or all of the aforementioned negligent

acts and/or omissions, the Defendant, GABRIELLE RUIJNE, M.D., and the injuries and damage

suffered by the Plaintiff, GABRIELLE RUIJNE, the Plaintiff, MARCELL RUIJNE, has suffered

the loss of services of his wife, GABRIELLE RUIJNE, which prior to her injuries were of great

value to him and he has been deprived of her affection, society, companionship, and consortium;

the Plaintiff, MARCELL RUIJNE, has been and will continue to be hindered and prevented from

transacting and attending to his usual business and affairs; that the Plaintiff, MARCELL RUIJNE,

has been and will continue to be otherwise greatly injured and inconvenienced by the wrongful

conduct of the Defendant, MARJORIE GUTHRIE, M.D., all to his permanent detriment in a sum

in excess of Fifty Thousand Dollars ($50,000.00) plus costs of the suit.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, MARCELL RUIJNE, prays

for judgment against the Defendant, MARJORIE GUTHRIE, M.D., in a sum in excess of Fifty

Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299

Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

**COUNT XXI:**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ST. ELIZABETH'S**
**HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS,**
**AN ILLINOIS NOT-FOR-PROFIT CORPORATION d/b/a ST. ELIZABETH'S HOSPITAL**

COMES NOW the Plaintiff, GABRIELLE RUIJNE, Individually, by and through her attorney, STEVEN E. KATZMAN, and for Count XXI of her cause of action against the Defendant, ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, an Illinois Not-for-Profit Corporation d/b/a ST. ELIZABETH'S HOSPITAL, states to the Court as follows:

1-23.   Plaintiff adopts and incorporates the allegations in paragraphs 1-23 of Count XI of this Complaint, including all subparagraphs as in for paragraphs 1-23 of Count XXI of this Complaint.

24.   At all times mentioned herein, the Defendant, ST. ELIZABETH'S HOSPITAL., owed a duty to the Plaintiff, GABRIELLE RUIJNE, to refrain from conduct it knew was extreme and outrageous, but for its indifference and recklessness, should have known would cause the Plaintiff, GABRIELLE RUIJNE, to suffer extreme emotional distress and fear for her own safety.

25.   As a direct and proximate result of one, some or all of the aforementioned negligent acts and/or omissions by the Defendant, ST. ELIZABETH'S HOSPITAL, by and through its agents, servants and/or employees, all of whom were acting within the course and scope of their employment, the Plaintiff, GABRIELLE RUIJNE, suffered fear for her own safety, contemporaneous and continuing injury, illness and emotional harm, including but not limited to

grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological, difficulties and other trauma; the Plaintiff, GABRIELLE RUIJNE, sustained great pain and mental anguish, and in the future will suffer great pain and mental anguish; the Plaintiff, GABRIELLE RUIJNE, sustained permanent injuries, including but not limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological, difficulties and other trauma, all to her permanent detriment in a sum in excess of fifty thousand dollars ($50,000.00) plus costs of suit.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, Individually, prays for judgment against the Defendant, ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, an Illinois Not-for-Profit Corporation d/b/a ST. ELIZABETH'S HOSPITAL, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

## COUNT XXII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST HSHS MEDICAL GROUP, INC.

COMES NOW the Plaintiff, GABRIELLE RUIJNE, Individually, by and through her attorney, STEVEN E. KATZMAN, and for Count XXII of her of her cause of action against the Defendant, HSHS MEDICAL GROUP, INC., states to the Court as follows:

1-21. Plaintiff adopts and incorporates the allegations in paragraphs 1-21 of Count XII of this Complaint, including all subparagraphs as in for paragraphs 1-21 of Count XXII of this Complaint.

22. At all times mentioned herein, the Defendant, HSHS MEDICAL GROUP, INC., owed a duty to the Plaintiff, GABRIELLE RUIJNE, to refrain from conduct it knew was extreme and outrageous, but for its indifference and recklessness, should have known would cause the Plaintiff, GABRIELLE RUIJNE, to suffer extreme emotional distress and fear for her own safety.

23. As a direct and proximate result of one, some or all of the aforementioned negligent acts and/or omissions by the Defendant, HSHS MEDICAL GROUP, INC., by and through its agents, servants and/or employees, all of whom were acting within the course and scope of their employment, the Plaintiff, GABRIELLE RUIJNE, suffered fear for her own safety, contemporaneous and continuing injury, illness and emotional harm, including but not limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological, difficulties and other trauma; the Plaintiff, GABRIELLE RUIJNE, sustained great pain and mental anguish, and in the future will suffer great pain and mental anguish; the Plaintiff, GABRIELLE RUIJNE, sustained permanent injuries, including but not limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological, difficulties and other trauma, all to her permanent detriment in a sum in excess of fifty thousand dollars ($50,000.00) plus costs of suit.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, Individually, prays for judgment against the Defendant, HSHS MEDICAL GROUP, INC., in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299

Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

## COUNT XXIII: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST SAINT LOUIS UNIVERSITY

COMES NOW the Plaintiff, GABRIELLE RUIJNE, Individually, by and through her attorney, STEVEN E. KATZMAN, and for Count XXIII of her of her cause of action against the Defendant, SAINT LOUIS UNIVERSITY, states to the Court as follows:

1-21.   Plaintiff adopts and incorporates the allegations in paragraphs 1-21 including all subparagraphs of Count XIII of this Complaint, as in for paragraphs 1-21 of Count XXIII of this Complaint.

22.   At all times mentioned herein, the Defendant, SAINT LOUIS UNIVERSITY, owed a duty to the Plaintiff, GABRIELLE RUIJNE, to refrain from conduct it knew was extreme and outrageous, but for its indifference and recklessness, should have known would cause the Plaintiff, GABRIELLE RUIJNE, to suffer extreme emotional distress and fear for her own safety.

23.   As a direct and proximate result of one, some or all of the aforementioned negligent acts and/or omissions by the Defendant, SAINT LOUIS UNIVERSITY, by and through its agents, servants and/or employees, all of whom were acting within the course and scope of their employment, the Plaintiff, GABRIELLE RUIJNE, suffered fear for her own safety, contemporaneous and continuing injury, illness and emotional harm, including but not limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological, difficulties and other trauma; the Plaintiff, GABRIELLE RUIJNE, sustained great pain and mental anguish, and in the future will suffer great pain and mental anguish; the Plaintiff, GABRIELLE

RUIJNE, sustained permanent injuries, including but not limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological, difficulties and other trauma, all to her permanent detriment in a sum in excess of fifty thousand dollars ($50,000.00) plus costs of suit.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, Individually, prays for judgment against the Defendant, SAINT LOUIS UNIVERSITY, in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

## COUNT XXIV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC.

COMES NOW the Plaintiff, GABRIELLE RUIJNE, Individually, by and through her attorney, STEVEN E. KATZMAN, and for Count XXIV of her of her cause of action against the Defendant, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., states to the Court as follows:

1-23.   Plaintiff adopts and incorporates the allegations in paragraphs 1-23 including all subparagraphs of Count XIV of this Complaint, as in for paragraphs 1-23 of Count XXIV of this Complaint.

24.   At all times mentioned herein, the Defendant, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., owed a duty to the Plaintiff, GABRIELLE RUIJNE, to refrain from conduct it knew was extreme and outrageous, but for its indifference and recklessness,

should have known would cause the Plaintiff, GABRIELLE RUIJNE, to suffer extreme emotional distress and fear for her own safety.

25.     As a direct and proximate result of one, some or all of the aforementioned negligent acts and/or omissions by the Defendant, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., by and through its agents, servants and/or employees, all of whom were acting within the course and scope of their employment, the Plaintiff, GABRIELLE RUIJNE, suffered fear for her own safety, contemporaneous and continuing injury, illness and emotional harm, including but not limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological, difficulties and other trauma; the Plaintiff, GABRIELLE RUIJNE, sustained great pain and mental anguish, and in the future will suffer great pain and mental anguish; the Plaintiff, GABRIELLE RUIJNE, sustained permanent injuries, including but not limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological, difficulties and other trauma, all to her permanent detriment in a sum in excess of fifty thousand dollars ($50,000.00) plus costs of suit.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, Individually, prays for judgment against the Defendant, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax

Email: steve@katzmanlaw.net

## COUNT XXV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST MARJORIE GUTHRIE, M.D.

COMES NOW the Plaintiff, GABRIELLE RUIJNE, Individually, by and through her attorney, STEVEN E. KATZMAN, and for Count XXV of her of her cause of action against the Defendant, MARJORIE GUTHRIE, M.D., states to the Court as follows:

1-23. Plaintiff adopts and incorporates the allegations in paragraphs 1-23 including all subparagraphs of Count XV of this Complaint, as in for paragraphs 1-23 of Count XXV of this Complaint.

24. At all times mentioned herein, the Defendant, MARJORIE GUTHRIE, M.D., owed a duty to the Plaintiff, GABRIELLE RUIJNE, to refrain from conduct it knew was extreme and outrageous, but for its indifference and recklessness, should have known would cause the Plaintiff, GABRIELLE RUIJNE, to suffer extreme emotional distress and fear for her own safety.

25. As a direct and proximate result of one, some or all of the aforementioned negligent acts and/or omissions by the Defendant, MARJORIE GUTHRIE, M.D., by and through its agents, servants and/or employees, all of whom were acting within the course and scope of their employment, the Plaintiff, GABRIELLE RUIJNE, suffered fear for her own safety, contemporaneous and continuing injury, illness and emotional harm, including but not limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological, difficulties and other trauma; the Plaintiff, GABRIELLE RUIJNE, sustained great pain and mental anguish, and in the future will suffer great pain and mental anguish; the Plaintiff, GABRIELLE RUIJNE, sustained permanent injuries, including but not limited to grief, fear, anger, despair, worry, disappointment, depression, mood change, psychological, difficulties and other trauma, all to her permanent detriment in a sum in excess of fifty thousand dollars ($50,000.00) plus costs of suit.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, Individually, prays for judgment against the Defendant, MARJORIE GUTHRIE, M.D., in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

## COUNT XXVI:
## WRONGFUL DEATH AGAINST JENNIFER RAY, M.D.

COMES NOW the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, by and through her attorney, STEVEN E. KATZMAN, and for Count XXVI of her cause of action against the Defendant, JENNIFER RAY, M.D., states to the Court as follows:

1.      At all relevant times mentioned herein, the Plaintiff, GABRIELLE RUIJNE, was an individual residing in St. Clair County, State of Illinois.

2.      Plaintiff, GABRIELLE RUIJNE, has been appointed Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased.  A copy of the Letters of Office is attached hereto and made a part hereof and marked as "Exhibit A".

3.      That AMELIA CLAIRE RUIJNE left surviving next of kin as follows:

    a.   Gabrielle Ruijne, her mother

    b.   Marcell Ruijne, her father

4.      For all relevant times mentioned herein, the Defendant, JENNIFER RAY, M.D., was a licensed physician practicing in the State of Illinois and had her office at 211 South 3rd St., Belleville, Illinois and held herself out as a skilled and knowledgeable pediatrician competent to practice in the field of pediatric medicine.

5.      At all relevant times, Jennifer Ray, M.D. provided medical services to the general public, including Gabrielle Ruijne and Amelia Ruijne, at St. Elizabeth's Hospital in Belleville, Illinois.

6.      At all times mentioned herein it was the duty of the Defendant, Jennifer Ray, M.D., individually and through her agents, servants and/or employees, all of whom were acting within the course and scope of their employment, to possess and apply the knowledge, use, care, and skill ordinarily used by reasonably well-qualified physicians in the same or similar locality under similar circumstances and to exercise reasonable care in the examination, diagnosis, resuscitation, care, and treatment of Amelia Claire Ruijne, so as not to injure or harm Amelia Claire Ruijne.

7.      That Defendant, Jennifer Ray, M.D., individually and through her agents, servants and/or employees, all of whom were acting within the course and scope of their employment, deviated from the acceptable standard of medical care.

8.      At all times relevant to this complaint, the Plaintiff, GABRIELLE RUIJNE, and Amelia Claire Ruijne relied upon the Defendant, Jennifer Ray, M.D., to provide appropriate medical services.

9.      On or about July 9, 2013, the Plaintiff, GABRIELLE RUIJNE, visited the Belleville Family Practice Clinic where she was informed of her positive pregnancy test.

10.      On November 12, 2013, the Plaintiff, underwent an obstetric sonogram which provided an estimated delivery date by ultrasound of March 10, 2014 and an estimated delivery date by last menstrual period of March 14, 2014.

11.     The Plaintiff, GABRIELLE RUIJNE, continued to regularly visit the Belleville Family Practice Clinic for prenatal check-ups.

12.     On or about March 18, 2014, Plaintiff, GABRIELLE RUIJNE, presented to St. Elizabeth's Hospital expressing concerns of leaking, contractions, and that the baby was not moving as much as she should.  She was discharged and scheduled for a fetal non-stress test on March 19, 2014.

13.     On or about March 19, 2014, Plaintiff presented to the Belleville Family Medicine Clinic for an OB exam.  She was given a normal prenatal checkup and scheduled for induction on the evening of March 20, 2014.

14.     On or about March 19, 2014, Gabrielle Ruijne returned to St. Elizabeth's Hospital where she was admitted to the Labor and Delivery Department at 20:46:00.

15.     On or about March 20, 2014, at 15:50:41, Gabrielle Ruijne signed an operative consent for a cesarean section.

16.     On or about March 20, 2014, at 16:57:00, a cesarean section was called and Gabrielle Ruijne was readied for a cesarean section.

17.     On or about March 20, 2014, at 17:40:00, Amelia Claire Ruijne was born with a limp blue presentation.

18.     On or about March 20, 2014, at 18:22:00, after unsuccessful resuscitation efforts, Amelia Claire Ruijne was pronounced dead at St. Elizabeth's Hospital in Belleville, Illinois.

19.     At the time and place aforesaid, the Defendant, Jennifer Ray, M.D., individually and through her agents, servants and/or employees, all of whom were acting within the course and scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

a.  Negligently and carelessly failed to properly resuscitate Amelia Claire Ruijne;

b.  Negligently and carelessly failed to properly intubate Amelia Claire Ruijne;

c.  Negligently and carelessly failed to intubate Amelia Claire Ruijne in a timely fashion;

d.  Negligently and carelessly failed to utilize the proper sized endotracheal tube during resuscitation, specifically using a 3.0 mm tube when a larger tube was required;

e.  Negligently and carelessly failed to utilize the proper sized umbilical catheter during resuscitation;

f.  Negligently and carelessly failed to adequately perform CPR in a timely fashion;

g.  Negligently and carelessly failed to administer epinephrine in a timely fashion;

h.  Negligently and carelessly failed to administer epinephrine in a proper fashion;

i.  Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby;

j.  Negligently and carelessly failed to discover and/or recognize meconium stained fluid in Amelia Claire Ruijne;

k.  Negligently and carelessly failed to suction the meconium stained fluid in Amelia Claire Ruijne;

l.  Negligently and carelessly failed to properly initiate neonatal resuscitation at the time of delivery of the baby;

    m.    Negligently and carelessly failed to appreciate the maternal, fetal, and neonatal conditions and/or risk factors that indicated a higher risk for the necessity of neonatal resuscitation;

    n.    Negligently and carelessly failed to follow resuscitation protocol;

    o.    Negligently and carelessly failed to provide proper and adequate documentation of the treatment of Amelia Claire Ruijne;

    p.    Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, Gabrielle Ruijne, and Amelia Claire Ruijne.

20.    That Jennifer Ray, M.D., individually and through her agents, servants and/or employees, deviated from the acceptable standard of medical care.

21.    As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions, Amelia Claire Ruijne, was pronounced dead on March 20, 2014 at St. Elizabeth's Hospital in Belleville, Illinois.

22.    That the aforesaid negligent acts or omissions of Defendant, Jennifer Ray, M.D., individually and through her agents, servants and/or employees, all of whom were acting within the course and scope of their employment, were the direct and proximate cause of Amelia Claire Ruijne's death.

23.    The Plaintiff, Gabrielle Ruijne, as Independent Administrator of the Estate of Amelia Claire Ruijne, deceased, brings this action pursuant to the provisions of the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

24.    That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit V") and a Report from a Health Care Professional ("See Exhibit W").

25.    As a direct and proximate cause of the negligence of Defendant, Jennifer Ray, M.D., individually and through her agents, servants and/or employees, all of whom were acting

within the course and scope of their employment, Amelia Claire Ruijne was pronounced dead and the heirs of Amelia Claire Ruijne, deceased, have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her benefits, services, society, companionship, consortium, love, affection, care, and support and have suffered grief, sorrow and mental suffering.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, prays for judgment against the Defendant, JENNIFER RAY, M.D., in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

## COUNT XXVII:
## SURVIVAL ACTION AGAINST JENNIFER RAY, M.D.

COMES NOW the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, by and through her attorney, STEVEN E. KATZMAN, and for Count XXVII of her cause of action against the Defendant, JENNIFER RAY, M.D., states to the Court as follows:

1-18.   Plaintiff adopts and incorporates the allegations in paragraphs 1-18 of Count XXVI of this Complaint, including all subparagraphs as in for paragraphs 1-18 of Count XXVII of this Complaint.

19.   At the time and place aforesaid, the Defendant, Jennifer Ray, M.D., individually and through her agents, servants and/or employees, all of whom were acting within the course and

scope of their employment, breached the aforementioned duty during the course of the aforementioned treatment, and was guilty of one, some or all of the following negligent acts and/or omissions:

a.  Negligently and carelessly failed to properly resuscitate Amelia Claire Ruijne;

b.  Negligently and carelessly failed to properly intubate Amelia Claire Ruijne;

c.  Negligently and carelessly failed to intubate Amelia Claire Ruijne in a timely fashion;

d.  Negligently and carelessly failed to utilize the proper sized endotracheal tube during resuscitation, specifically using a 3.0 mm tube when a larger tube was required;

e.  Negligently and carelessly failed to utilize the proper sized umbilical catheter during resuscitation;

f.  Negligently and carelessly failed to adequately perform CPR in a timely fashion;

g.  Negligently and carelessly failed to administer epinephrine in a timely fashion;

h.  Negligently and carelessly failed to administer epinephrine in a proper fashion;

i.  Negligently and carelessly failed to recognize the gravity of the situation and the condition of the baby;

j.  Negligently and carelessly failed to discover and/or recognize meconium stained fluid in Amelia Claire Ruijne;

k.  Negligently and carelessly failed to suction the meconium stained fluid in Amelia Claire Ruijne;

l.    Negligently and carelessly failed to properly initiate neonatal resuscitation at the time of delivery of the baby;

m.    Negligently and carelessly failed to appreciate the maternal, fetal, and neonatal conditions and/or risk factors that indicated a higher risk for the necessity of neonatal resuscitation;

n.    Negligently and carelessly failed to follow resuscitation protocol;

o.    Negligently and carelessly failed to provide proper and adequate documentation of the treatment of Amelia Claire Ruijne;

p.    Otherwise negligently and carelessly provided inadequate medical services to the Plaintiff, Gabrielle Ruijne, and Amelia Claire Ruijne.

20.    That Jennifer Ray, M.D., individually and through her agents, servants and/or employees, deviated from the acceptable standard of medical care.

21.    As a direct and proximate result of one or more of the foregoing negligent and careless acts and/or omissions, Amelia Claire Ruijne, sustained injuries and experienced conscious pain and suffering prior to her death on March 20, 2014.

22.    That the aforesaid negligent acts or omissions of Defendant, Jennifer Ray, M.D., individually and through her agents, servants and/or employees, all of whom were acting within the course and scope of their employment, were the direct and proximate cause of Amelia Claire Ruijne's injuries and conscious pain and suffering prior to her death on March 20, 2014.

23.    As a direct and proximate result of the breach of the applicable standard of medical care by the Defendant, Jennifer Ray, M.D., individually and through her agents, servants and/or employees, all of whom were acting within the course and scope of their employment, AMELIA CLAIRE RUIJNE experienced severe conscious pain and suffering.

24.    That suit is being filed pursuant to 755 ILCS 5/27-6 for personal injuries to Amelia Claire Ruijne.

25. That attached hereto and made a part hereof in conformance with 735 ILCS 5/2-622 are both an Affidavit of Counsel ("See Exhibit V") and a Report from a Health Care Professional ("See Exhibit W").

26. As a direct and proximate cause of the negligence of Defendant, Jennifer Ray, M.D., individually and through her agents, servants and/or employees, all of whom were acting within the course and scope of their employment, AMELIA CLAIRE RUIJNE's next of kin have incurred expenses for her funeral and burial bills, medical bills, and have forever lost her services, society, companionship, consortium, love, affection, and support and have suffered grief, sorrow and mental suffering and moreover, they are entitled to recover damages for AMELIA CLAIRE RUIJNE's pain and suffering incurred before her death and for which she would have been entitled to recover had she survived. Further, Amelia Claire Ruijne's estate was diminished by virtue of the medical, hospital, and funeral expenses incurred.

WHEREFORE, for all the aforementioned reasons, the Plaintiff, GABRIELLE RUIJNE, as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased, prays for judgment against the Defendant, JENNIFER RAY, M.D., in a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

STEVEN E. KATZMAN #01414321
DANIEL C. KATZMAN #6306299
Attorneys for Plaintiffs
**PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 fax
Email: steve@katzmanlaw.net

IN THE CIRCUIT OF THE 20TH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

## LETTERS OF OFFICE

| RE: AMELIA CLAIRE RUIJNE, DECEASED |
| :---: |
| 14-P-631 |

On: OCTOBER 30, 2014, LOF – Independent Administrator of the Estate

were issued to: GABRIELLE RUIJNE
270 WATERWAY DRIVE
FREDERICA DE 19946

for: AMELIA CLAIRE RUIJNE

who died: MARCH 20, 2014

and is authorized to take possession of and collect the estate of the decedent, and to do all acts required of him by law.

Witness,____OCTOBER 30, 2014____

____KAHALAH CLAY____

By: Debbie Roedersheimer, Deputy

## CERTIFICATE

I certify that this is a copy of the Letters of Office now in force in this estate.

Witness,____OCTOBER 30, 2014____

____KAHALAH CLAY____

By: Debbie Roedersheimer, Deputy



PLAINTIFF'S
EXHIBIT
A

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| GABRIELLE RUIJNE, Individually and as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased and MARCELL RUIJNE, <br><br> Plaintiffs, <br><br> vs. <br><br> ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, an Illinois Not-for-Profit Corporation d/b/a ST. ELIZABETH'S HOSPITAL, HSHS MEDICAL GROUP, INC., SAINT LOUIS UNIVERSITY, a Not-for-Profit Corporation, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., MARJORIE GUTHRIE, M.D., and JENNIFER RAY, M.D., <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     16-L-<br>)<br>)     **PLAINTIFFS DEMAND TRIAL**<br>)     **BY JURY**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT

Now comes STEVEN E. KATZMAN, and on his oath states as follows:

The affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last six (6) years or teaches or has taught within the last six (6) years in the same area of healthcare or medicine that is at issue in the particular action; and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section 8-2501; the reviewing health professional has determined in a written report, after a review of the medical records and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such actions; and that the affiant has concluded

Case No. 16-L-
Page 1 of 2

PLAINTIFF'S
EXHIBIT
**B**

on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

A copy of the physician's written report is attached to this Affidavit and labeled as Exhibit "C".

STEVEN E. KATZMAN, #01414321
Attorney for Plaintiffs

Subscribed and sworn to before me this __14th__ day of __March__ , 2016.

Notary Public

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 FAX

> OFFICIAL SEAL
> LINDA REICHLING
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES:07/21/16

# REPORT

I, DR _____ affirm that I am a doctor licensed to practice medicine in all of its branches in the State of _____ and currently have my office at _____

I am Board Certified in the field of obstetrics and gynecology. I am presently engaged in the practice of gynecology and obstetrics. I have practiced in the same area of gynecology and obstetrics that is an issue in this particular case within the last six (6) years and more specifically for greater than thirty (30) years. I further affirm that I am knowledgeable and qualified by experience and have demonstrated competence in the relevant issues and subject matter of this case. I further affirm that I reviewed the medical records regarding the labor and delivery and birth of GABRIELLE RUIJNE.

It is my opinion that the nursing staff, residents at the hospital, physicians, and St. Elizabeth's Hospital failed to provide the reasonable standard of care which could be expected under similar circumstances.

Deviations include the following:

  a.  Improper management of Pitocin

  b.  Failure to properly respond to increased uterine resting pressures

  c.  Failure to properly monitor the FHR and deliver the baby in a timely fashion

  d.  Failure to properly resuscitate Amelia Claire Ruijne

It is my opinion that these deviations resulted in the death of AMELIA CLAIRE RUIJNE which, more likely than not, would have been prevented if proper treatment had been provided.

I further affirm that I have reported these findings to Steven E. Katzman, Attorney at Law, who has consulted with me in anticipation of filing a lawsuit to establish the right of the Plaintiff and her family relations thereto. I specifically reserve the right to supplement my opinions in this case as additional information becomes available.

Date: _____



PLAINTIFF'S
EXHIBIT
C

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| GABRIELLE RUIJNE, Individually and as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased and MARCELL RUIJNE,        Plaintiffs, vs. ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, an Illinois Not-for-Profit Corporation d/b/a ST. ELIZABETH'S HOSPITAL, HSHS MEDICAL GROUP, INC., SAINT LOUIS UNIVERSITY, a Not-for-Profit Corporation, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., MARJORIE GUTHRIE, M.D., and JENNIFER RAY, M.D.,        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   16-L- **PLAINTIFFS DEMAND TRIAL BY JURY** |

## AFFIDAVIT

Now comes STEVEN E. KATZMAN, and on his oath states as follows:

The affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last six (6) years or teaches or has taught within the last six (6) years in the same area of healthcare or medicine that is at issue in the particular action; and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section 8-2501; the reviewing health professional has determined in a written report, after a review of the medical records and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such actions; and that the affiant has concluded

PLAINTIFF'S EXHIBIT D

on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

A copy of the physician's written report is attached to this Affidavit and labeled as Exhibit "E".

STEVEN E. KATZMAN, #01414321
Attorney for Plaintiffs

Subscribed and sworn to before me this __14th__ day of __March_____, 2016.

Notary Public

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 FAX

OFFICIAL SEAL
LINDA REICHLING
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/21/16

## REPORT

I, DR.                    , affirm that I am a doctor licensed to practice medicine in all of its branches in the State of          , and currently have my office at .

I am Board Certified in the field of obstetrics and gynecology. I am presently engaged in the practice of gynecology and obstetrics. I have practiced in the same area of gynecology and obstetrics that is an issue in this particular case within the last six (6) years and more specifically for greater than thirty (30) years. I further affirm that I am knowledgeable and qualified by experience and have demonstrated competence in the relevant issues and subject matter of this case. I further affirm that I reviewed the medical records regarding the labor and delivery and birth of GABRIELLE RUIJNE.

It is my opinion that the nursing staff, residents at the hospital, physicians, and HSHS Medical Group failed to provide the reasonable standard of care which could be expected under similar circumstances.

Deviations include the following:

    a.  Improper management of Pitocin

    b.  Failure to properly respond to increased uterine resting pressures

    c.  Failure to properly monitor the FHR and deliver the baby in a timely fashion

    d.  Failure to properly resuscitate Amelia Claire Ruijne

It is my opinion that these deviations resulted in the death of AMELIA CLAIRE RUIJNE which, more likely than not, would have been prevented if proper treatment had been provided.

I further affirm that I have reported these findings to Steven E. Katzman, Attorney at Law, who has consulted with me in anticipation of filing a lawsuit to establish the right of the Plaintiff and her family relations thereto. I specifically reserve the right to supplement my opinions in this case as additional information becomes available.

Date:_____     _____



IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

GABRIELLE RUIJNE, Individually and as )
Independent Administrator of the Estate of )
AMELIA CLAIRE RUIJNE, deceased )
and MARCELL RUIJNE, )
            )
       Plaintiffs, )
            )
vs. )     16-L-
            )
ST. ELIZABETH'S HOSPITAL OF THE )  **PLAINTIFFS DEMAND TRIAL**
HOSPITAL SISTERS OF THE THIRD )  **BY JURY**
ORDER OF ST. FRANCIS, )
an Illinois Not-for-Profit Corporation )
d/b/a ST. ELIZABETH'S HOSPITAL, )
HSHS MEDICAL GROUP, INC., SAINT )
LOUIS UNIVERSITY, a Not-for-Profit )
Corporation, SOUTHERN ILLINOIS )
HEALTHCARE FOUNDATION, )
INC., MARJORIE GUTHRIE, M.D., and )
JENNIFER RAY, M.D., )
            )
       Defendants. )

## AFFIDAVIT

Now comes STEVEN E. KATZMAN, and on his oath states as follows:

The affiant has consulted and reviewed the facts of the case with a health professional who

the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular

action; (ii) practices or has practiced within the last six (6) years or teaches or has taught within

the last six (6) years in the same area of healthcare or medicine that is at issue in the particular

action; and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section

8-2501; the reviewing health professional has determined in a written report, after a review of the

medical records and other relevant material involved in the particular action that there is a

reasonable and meritorious cause for the filing of such actions; and that the affiant has concluded

Case No. 16-L-
Page 1 of 2



on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

A copy of the physician's written report is attached to this Affidavit and labeled as Exhibit "G".

STEVEN E. KATZMAN, #01414321
Attorney for Plaintiffs

Subscribed and sworn to before me this __14th__ day of __March__, 2016.

Notary Public

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 FAX

OFFICIAL SEAL
LINDA REICHLING
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/21/16

# **REPORT**

I, DR. _____ affirm that I am a doctor licensed to practice medicine in all of its branches in the State of _____ and currently have my office at _____.

I am Board Certified in the field of obstetrics and gynecology. I am presently engaged in the practice of gynecology and obstetrics. I have practiced in the same area of gynecology and obstetrics that is an issue in this particular case within the last six (6) years and more specifically for greater than thirty (30) years. I further affirm that I am knowledgeable and qualified by experience and have demonstrated competence in the relevant issues and subject matter of this case. I further affirm that I reviewed the medical records and other relevant materials of GABRIELLE RUIJNE.

As a result of this review, I have concluded that there is a reason to believe that the evaluation, care and treatment of GABRIELLE RUIJNE, by SAINT LOUIS UNIVERSITY, by and through its physicians, residents, other agents and/or employees, failed to meet the standards of good medical care and that a reasonable and meritorious cause of action exists.

Based upon a review of the medical records and other relevant material and using my experience as a doctor licensed to practice gynecology and obstetrics, SAINT LOUIS UNIVERSITY, by and through its physicians, residents, other agents and/or employees, failed to provide the reasonable and necessary standard of care which could be expected under similar circumstances, including:

        a.    Failed to provide properly trained physicians and residents to monitor the Plaintiff, GABRIELLE RUIJNE's, condition;

        b.    Failed to properly supervise and/or monitor the physicians in its residency program;

        c.    Failed to adequately train the physicians in its residency program;

        d.    Failed to deliver Amelia Claire Ruijne in a timely manner;

        e.    Failed to properly administer Pitocin;



f.      Failed to determine that a cesarean section was required in a timely manner;

g.      Failed to perform a cesarean section in a timely manner;

h.      Failed to recognize that Amelia Claire Ruijne was not tolerating labor;

i.      Failed to properly resuscitate Amelia Claire Ruijne;

j.      Failed to adequately and properly monitor and respond to the baby's contractions and fetal heart rate;

The above conduct represents a deviation from the appropriate standard of care.  It is my opinion that the death of AMELIA CLAIRE RUIJNE could have been prevented if SAINT LOUIS UNIVERSITY, by and through its physicians, residents, other agents and/or employees, would have provided the proper treatment.

It is my further opinion that AMELIA CLAIRE RUIJNE died as a direct result of the negligence and breach of the standard of care by SAINT LOUIS UNIVERSITY, by and through its physicians, residents, other agents and/or employees.

I further affirm that I have reported these findings to Steven E. Katzman, Attorney at Law, who has consulted with me in anticipation of filing a lawsuit to establish the right of the Plaintiff and her family relations thereto.  I specifically reserve the right to supplement my opinions in this case as additional information becomes available.

Date:_____   _____   _____

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

GABRIELLE RUIJNE, Individually and as )
Independent Administrator of the Estate of )
AMELIA CLAIRE RUIJNE, deceased )
and MARCELL RUIJNE, )
           )
        Plaintiffs, )
           )
vs. )      16-L-
           )
ST. ELIZABETH'S HOSPITAL OF THE )    **PLAINTIFFS DEMAND TRIAL**
HOSPITAL SISTERS OF THE THIRD )    **BY JURY**
ORDER OF ST. FRANCIS, )
an Illinois Not-for-Profit Corporation )
d/b/a ST. ELIZABETH'S HOSPITAL, )
HSHS MEDICAL GROUP, INC., SAINT )
LOUIS UNIVERSITY, a Not-for-Profit )
Corporation, SOUTHERN ILLINOIS )
HEALTHCARE FOUNDATION, )
INC., MARJORIE GUTHRIE, M.D., and )
JENNIFER RAY, M.D., )
           )
        Defendants. )

## AFFIDAVIT

Now comes STEVEN E. KATZMAN, and on his oath states as follows:

The affiant has consulted and reviewed the facts of the case with a health professional who

the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular

action; (ii) practices or has practiced within the last six (6) years or teaches or has taught within

the last six (6) years in the same area of healthcare or medicine that is at issue in the particular

action; and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section

8-2501; the reviewing health professional has determined in a written report, after a review of the

medical records and other relevant material involved in the particular action that there is a

reasonable and meritorious cause for the filing of such actions; and that the affiant has concluded

PLAINTIFF'S
EXHIBIT
H

on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

A copy of the physician's written report is attached to this Affidavit and labeled as Exhibit "I".

STEVEN E. KATZMAN, #01414321
Attorney for Plaintiffs

Subscribed and sworn to before me this __14th__ day of __March__, 2016.

Notary Public

OFFICIAL SEAL
LINDA REICHLING
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/21/16

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 FAX

## REPORT

I, DR.                           , affirm that I am a doctor licensed to practice medicine in all of its branches in the State of            and currently have my office at
I am Board Certified in the field of obstetrics and gynecology. I am presently engaged in the practice of gynecology and obstetrics. I have practiced in the same area of gynecology and obstetrics that is an issue in this particular case within the last six (6) years and more specifically for greater than fifteen (15) years. I further affirm that I am knowledgeable and qualified by experience and have demonstrated competence in the relevant issues and subject matter of this case. I further affirm that I reviewed the medical records and other relevant materials of GABRIELLE RUIJNE.

As a result of this review, I have concluded that there is a reason to believe that the evaluation, care and treatment of GABRIELLE RUIJNE, by SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, by and through its physicians, residents, other agents and/or employees, failed to meet the standards of good medical care and that a reasonable and meritorious cause of action exists.

Based upon a review of the medical records and other relevant material and using my experience as a doctor licensed to practice gynecology and obstetrics, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, by and through its physicians, residents, other agents and/or employees, failed to provide the reasonable and necessary standard of care which could be expected under similar circumstances, including:

a.    Failed to deliver Amelia Claire Ruijne in a timely manner;

b.    Failed to determine that a cesarean section was required in a timely manner;

c.    Failed to perform a cesarean section in a timely manner;

d.    Failed to recognize that Amelia Claire Ruijne was not tolerating labor;



PLAINTIFF'S EXHIBIT
I

e.    Failed to adequately and properly respond to Gabrielle's contractions and fetal heart rate;

The above conduct represents a deviation from the appropriate standard of care. It is my opinion that these deviations resulted in the death of AMELIA CLAIRE RUIJNE which, more likely than not, would have been prevented if proper treatment had been provided.

I further affirm that I have reported these findings to Steven E. Katzman, Attorney at Law, who has consulted with me in anticipation of filing a lawsuit to establish the right of the Plaintiff and her family relations thereto. I specifically reserve the right to supplement my opinions in this case as additional information becomes available.

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

GABRIELLE RUIJNE, Individually and as )
Independent Administrator of the Estate of )
AMELIA CLAIRE RUIJNE, deceased )
and MARCELL RUIJNE, )
 )
 )
      Plaintiffs, )
 )
 )
vs. )    16-L-
 )
ST. ELIZABETH'S HOSPITAL OF THE )   **PLAINTIFFS DEMAND TRIAL**
HOSPITAL SISTERS OF THE THIRD )   **BY JURY**
ORDER OF ST. FRANCIS, )
an Illinois Not-for-Profit Corporation )
d/b/a ST. ELIZABETH'S HOSPITAL, )
HSHS MEDICAL GROUP, INC., SAINT )
LOUIS UNIVERSITY, a Not-for-Profit )
Corporation, SOUTHERN ILLINOIS )
HEALTHCARE FOUNDATION, )
INC., MARJORIE GUTHRIE, M.D., and )
JENNIFER RAY, M.D., )
 )
      Defendants. )

## AFFIDAVIT

Now comes STEVEN E. KATZMAN, and on his oath states as follows:

The affiant has consulted and reviewed the facts of the case with a health professional who

the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular

action; (ii) practices or has practiced within the last six (6) years or teaches or has taught within

the last six (6) years in the same area of healthcare or medicine that is at issue in the particular

action; and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section

8-2501; the reviewing health professional has determined in a written report, after a review of the

medical records and other relevant material involved in the particular action that there is a

reasonable and meritorious cause for the filing of such actions; and that the affiant has concluded

PLAINTIFF'S
EXHIBIT
J

on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

A copy of the physician's written report is attached to this Affidavit and labeled as Exhibit "K".

STEVEN E. KATZMAN, #01414321
Attorney for Plaintiffs

Subscribed and sworn to before me this 14th day of March , 2016.

Notary Public

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 FAX

OFFICIAL SEAL
LINDA REICHLING
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/21/16

## REPORT

I, DR.              affirm that I am a doctor licensed to practice medicine in all of its branches

in the State of         and currently have my office at

I am Board Certified in the field of obstetrics and gynecology. I am presently engaged in the practice of

gynecology and obstetrics. I have practiced in the same area of gynecology and obstetrics that is an issue

in this particular case within the last six (6) years and more specifically for greater than fifteen (15) years.

I further affirm that I am knowledgeable and qualified by experience and have demonstrated competence

in the relevant issues and subject matter of this case. I further affirm that I reviewed the medical records

and other relevant materials of GABRIELLE RUIJNE.

As a result of this review, I have concluded that there is a reason to believe that the evaluation, care

and treatment of GABRIELLE RUIJNE, by MARJORIE GUTHRIE, M.D., failed to meet the standards of

good medical care and that a reasonable and meritorious cause of action exists.

Based upon a review of the medical records and other relevant material and using my experience as

a doctor licensed to practice gynecology and obstetrics, MARJORIE GUTHRIE, M.D., failed to provide the

reasonable and necessary standard of care which could be expected under similar circumstances, including:

      a.      Failed to deliver Amelia Claire Ruijne in a timely manner;

      b.      Failed to determine that a cesarean section was required in a timely manner;

      c.      Failed to perform a cesarean section in a timely manner;

      d.      Failed to recognize that Amelia Claire Ruijne was not tolerating labor;

      e.      Failed to adequately and properly respond to Gabrielle's contractions and fetal heart

                rate;



PLAINTIFF'S
EXHIBIT
K

The above conduct represents a deviation from the appropriate standard of care. It is my opinion that these deviations resulted in the death of AMELIA CLAIRE RUIJNE which, more likely than not, would have been prevented if proper treatment had been provided.

I further affirm that I have reported these findings to Steven E. Katzman, Attorney at Law, who has consulted with me in anticipation of filing a lawsuit to establish the right of the Plaintiff and her family relations thereto. I specifically reserve the right to supplement my opinions in this case as additional information becomes available.

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

GABRIELLE RUIJNE, Individually and as )
Independent Administrator of the Estate of )
AMELIA CLAIRE RUIJNE, deceased )
and MARCELL RUIJNE, )
         )
       Plaintiffs, )
         )
         )
vs. )    16-L-
         )
ST. ELIZABETH'S HOSPITAL OF THE )    **PLAINTIFFS DEMAND TRIAL**
HOSPITAL SISTERS OF THE THIRD )    **BY JURY**
ORDER OF ST. FRANCIS, )
an Illinois Not-for-Profit Corporation )
d/b/a ST. ELIZABETH'S HOSPITAL, )
HSHS MEDICAL GROUP, INC., SAINT )
LOUIS UNIVERSITY, a Not-for-Profit )
Corporation, SOUTHERN ILLINOIS )
HEALTHCARE FOUNDATION, )
INC., MARJORIE GUTHRIE, M.D., and )
JENNIFER RAY, M.D., )
         )
       Defendants. )

## AFFIDAVIT

Now comes STEVEN E. KATZMAN, and on his oath states as follows:

The affiant has consulted and reviewed the facts of the case with a health professional who

the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular

action; (ii) practices or has practiced within the last six (6) years or teaches or has taught within

the last six (6) years in the same area of healthcare or medicine that is at issue in the particular

action; and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section

8-2501; the reviewing health professional has determined in a written report, after a review of the

medical records and other relevant material involved in the particular action that there is a

reasonable and meritorious cause for the filing of such actions; and that the affiant has concluded

PLAINTIFF'S
EXHIBIT
L

on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

A copy of the physician's written report is attached to this Affidavit and labeled as Exhibit "M".

_____
STEVEN E. KATZMAN, #01414321
Attorney for Plaintiffs

Subscribed and sworn to before me this  14th  day of  March , 2016.

_____
Notary Public

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 FAX

OFFICIAL SEAL
LINDA REICHLING
NOTARY PUBLIC · STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/21/16

## REPORT

I, DR.                    , affirm that I am a doctor licensed to practice medicine in all of its branches

in the State of            nd currently have my office at :

I am Board Certified in the field of obstetrics and gynecology. I am presently engaged in the practice of

gynecology and obstetrics. I have practiced in the same area of gynecology and obstetrics that is an issue

in this particular case within the last six (6) years and more specifically for greater than fifteen (15) years.

I further affirm that I am knowledgeable and qualified by experience and have demonstrated competence

in the relevant issues and subject matter of this case. I further affirm that I reviewed the medical records

and other relevant materials of GABRIELLE RUIJNE.

As a result of this review, I have concluded that there is a reason to believe that the evaluation, care

and treatment of GABRIELLE RUIJNE, by ST. ELIZABETH'S HOSPITAL, by and through its nursing

staff, residents, other agents and/or employees, failed to meet the standards of good medical care and that a

reasonable and meritorious cause of action exists.

Based upon a review of the medical records and other relevant material and using my experience as

a doctor licensed to practice gynecology and obstetrics, ST. ELIZABETH'S HOSPITAL, by and through its

nursing staff, residents, other agents and/or employees, failed to provide the reasonable and necessary

standard of care which could be expected under similar circumstances, including:

     a.    Failed to deliver Amélia Claire Ruijne in a timely manner;

     b.    Failed to determine that a cesarean section was required in a timely manner;

     c.    Failed to perform a cesarean section in a timely manner;

     d.    Failed to recognize that Amelia Claire Ruijne was not tolerating labor;

     e.    Failed to adequately and properly respond to Gabrielle's contractions and fetal heart

        rate;

PLAINTIFF'S EXHIBIT M

      f.     Failed to appreciate that Gabrielle's prolonged, inefficient labor was increasing her risk for a postpartum hemorrhage;

      g.    Failed to adequately and properly address Gabrielle Ruijne's risks for postpartum hemorrhage;

The above conduct represents a deviation from the appropriate standard of care. It is my opinion that the injuries sustained by GABRIELLE RUIJNE could have been prevented if ST. ELIZABETH'S HOSPITAL, by and through its nursing staff, residents, other agents and/or employees, would have provided the proper treatment.

It is my further opinion that GABRIELLE RUIJNE sustained injuries as a direct result of the negligence and breach of the standard of care by ST. ELIZABETH'S HOSPITAL, by and through its nursing staff, residents, other agents and/or employees.

I further affirm that I have reported these findings to Steven E. Katzman, Attorney at Law, who has consulted with me in anticipation of filing a lawsuit to establish the right of the Plaintiff and her family relations thereto. I specifically reserve the right to supplement my opinions in this case as additional information becomes available.

Date:_____

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | | |
|---|---|---|
| GABRIELLE RUIJNE, Individually and as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased and MARCELL RUIJNE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | 16-L- |
| ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, an Illinois Not-for-Profit Corporation d/b/a ST. ELIZABETH'S HOSPITAL, HSHS MEDICAL GROUP, INC., SAINT LOUIS UNIVERSITY, a Not-for-Profit Corporation, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., MARJORIE GUTHRIE, M.D., and JENNIFER RAY, M.D., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **PLAINTIFFS DEMAND TRIAL BY JURY** |
| Defendants. | ) | |

## AFFIDAVIT

Now comes STEVEN E. KATZMAN, and on his oath states as follows:

The affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last six (6) years or teaches or has taught within the last six (6) years in the same area of healthcare or medicine that is at issue in the particular action; and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section 8-2501; the reviewing health professional has determined in a written report, after a review of the medical records and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such actions; and that the affiant has concluded

PLAINTIFF'S
EXHIBIT
N

on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

A copy of the physician's written report is attached to this Affidavit and labeled as Exhibit "O".

STEVEN E. KATZMAN, #01414321
Attorney for Plaintiffs

Subscribed and sworn to before me this **14th** day of **March** , 2016.

Notary Public

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 FAX

OFFICIAL SEAL
LINDA REICHLING
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/21/16

## REPORT

I, DR.            affirm that I am a doctor licensed to practice medicine in all of its branches in the State of       and currently have my office at           I am Board Certified in the field of obstetrics and gynecology. I am presently engaged in the practice of gynecology and obstetrics. I have practiced in the same area of gynecology and obstetrics that is an issue in this particular case within the last six (6) years and more specifically for greater than fifteen (15) years. I further affirm that I am knowledgeable and qualified by experience and have demonstrated competence in the relevant issues and subject matter of this case. I further affirm that I reviewed the medical records and other relevant materials of GABRIELLE RUIJNE.

As a result of this review, I have concluded that there is a reason to believe that the evaluation, care and treatment of GABRIELLE RUIJNE, by HSHS MEDICAL GROUP, INC., by and through its physicians, nursing staff, other agents and/or employees, failed to meet the standards of good medical care and that a reasonable and meritorious cause of action exists.

Based upon a review of the medical records and other relevant material and using my experience as a doctor licensed to practice gynecology and obstetrics, HSHS MEDICAL GROUP, INC., by and through its physicians, nursing staff, other agents and/or employees, failed to provide the reasonable and necessary standard of care which could be expected under similar circumstances, including:

         a.     Failed to deliver Amelia Claire Ruijne in a timely manner;

         b.     Failed to determine that a cesarean section was required in a timely manner;

         c.     Failed to perform a cesarean section in a timely manner;

         d.     Failed to recognize that Amelia Claire Ruijne was not tolerating labor;

         e.     Failed to adequately and properly respond to Gabrielle's contractions and fetal heart rate;



PLAINTIFF'S
EXHIBIT

O

     f.    Failed to appreciate that Gabrielle's prolonged, inefficient labor was increasing her

         risk for a postpartum hemorrhage;

     g.    Failed to adequately and properly address Gabrielle Ruijne's risks for postpartum

         hemorrhage;

The above conduct represents a deviation from the appropriate standard of care. It is my opinion that the injuries sustained by GABRIELLE RUIJNE could have been prevented if HSHS MEDICAL GROUP, INC., by and through its physicians, nursing staff, other agents and/or employees, would have provided the proper treatment.

It is my further opinion that GABRIELLE RUIJNE sustained injuries as a direct result of the negligence and breach of the standard of care by HSHS MEDICAL GROUP, INC., by and through its physicians, nursing staff, other agents and/or employees.

I further affirm that I have reported these findings to Steven E. Katzman, Attorney at Law, who has consulted with me in anticipation of filing a lawsuit to establish the right of the Plaintiff and her family relations thereto. I specifically reserve the right to supplement my opinions in this case as additional information becomes available.

Date:_____

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| GABRIELLE RUIJNE, Individually and as Independent Administrator of the Estate of AMELIA CLAIRE RUIJNE, deceased and MARCELL RUIJNE, ) ) ) ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | 16-L- |
| ) | |
| ST. ELIZABETH'S HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, an Illinois Not-for-Profit Corporation d/b/a ST. ELIZABETH'S HOSPITAL, HSHS MEDICAL GROUP, INC., SAINT LOUIS UNIVERSITY, a Not-for-Profit Corporation, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., MARJORIE GUTHRIE, M.D., and JENNIFER RAY, M.D., ) ) ) ) ) ) ) ) ) ) ) ) | **PLAINTIFFS DEMAND TRIAL BY JURY** |
| ) | |
| Defendants. ) | |

## AFFIDAVIT

Now comes STEVEN E. KATZMAN, and on his oath states as follows:

The affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last six (6) years or teaches or has taught within the last six (6) years in the same area of healthcare or medicine that is at issue in the particular action; and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section 8-2501; the reviewing health professional has determined in a written report, after a review of the medical records and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such actions; and that the affiant has concluded

PLAINTIFF'S EXHIBIT
P

on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

A copy of the physician's written report is attached to this Affidavit and labeled as Exhibit "Q".

STEVEN E. KATZMAN, #01414321
Attorney for Plaintiffs

Subscribed and sworn to before me this 14th day of March , 2016.

Notary Public

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 FAX

OFFICIAL SEAL
LINDA REICHLING
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/21/16

## REPORT

I, DR. _____ , affirm that I am a doctor licensed to practice medicine in all of its branches in the State of _____ and currently have my office at _____

I am Board Certified in the field of obstetrics and gynecology. I am presently engaged in the practice of gynecology and obstetrics. I have practiced in the same area of gynecology and obstetrics that is an issue in this particular case within the last six (6) years and more specifically for greater than fifteen (15) years. I further affirm that I am knowledgeable and qualified by experience and have demonstrated competence in the relevant issues and subject matter of this case. I further affirm that I reviewed the medical records and other relevant materials of GABRIELLE RUIJNE.

As a result of this review, I have concluded that there is a reason to believe that the evaluation, care and treatment of GABRIELLE RUIJNE, by SAINT LOUIS UNIVERSITY, by and through its physicians, residents, other agents and/or employees, failed to meet the standards of good medical care and that a reasonable and meritorious cause of action exists.

Based upon a review of the medical records and other relevant material and using my experience as a doctor licensed to practice gynecology and obstetrics, SAINT LOUIS UNIVERSITY, by and through its physicians, residents, other agents and/or employees, failed to provide the reasonable and necessary standard of care which could be expected under similar circumstances, including:

      a.    Failed to deliver Amelia Claire Ruijne in a timely manner;

      b.    Failed to determine that a cesarean section was required in a timely manner;

      c.    Failed to perform a cesarean section in a timely manner;

      d    Failed to recognize that Amelia Claire Ruijne was not tolerating labor;

      e.    Failed to adequately and properly respond to Gabrielle's contractions and fetal heart rate;



Page 1 of 2

   f.  Failed to appreciate that Gabrielle's prolonged, inefficient labor was increasing her risk for a postpartum hemorrhage;

   g.  Failed to adequately and properly address Gabrielle Ruijne's risks for postpartum hemorrhage;

The above conduct represents a deviation from the appropriate standard of care. It is my opinion that the injuries sustained by GABRIELLE RUIJNE could have been prevented if SAINT LOUIS UNIVERSITY, by and through its physicians, residents, other agents and/or employees, would have provided the proper treatment.

It is my further opinion that GABRIELLE RUIJNE sustained injuries as a direct result of the negligence and breach of the standard of care by SAINT LOUIS UNIVERSITY, by and through its physicians, residents, other agents and/or employees.

I further affirm that I have reported these findings to Steven E. Katzman, Attorney at Law, who has consulted with me in anticipation of filing a lawsuit to establish the right of the Plaintiff and her family relations thereto. I specifically reserve the right to supplement my opinions in this case as additional information becomes available.


Date:_____

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

GABRIELLE RUIJNE, Individually and as )
Independent Administrator of the Estate of )
AMELIA CLAIRE RUIJNE, deceased )
and MARCELL RUIJNE, )
)
     Plaintiffs, )
)
vs. )    16-L-
)
ST. ELIZABETH'S HOSPITAL OF THE )    **PLAINTIFFS DEMAND TRIAL**
HOSPITAL SISTERS OF THE THIRD )    **BY JURY**
ORDER OF ST. FRANCIS, )
an Illinois Not-for-Profit Corporation )
d/b/a ST. ELIZABETH'S HOSPITAL, )
HSHS MEDICAL GROUP, INC., SAINT )
LOUIS UNIVERSITY, a Not-for-Profit )
Corporation, SOUTHERN ILLINOIS )
HEALTHCARE FOUNDATION, )
INC., MARJORIE GUTHRIE, M.D., and )
JENNIFER RAY, M.D., )
)
    Defendants. )

## AFFIDAVIT

Now comes STEVEN E. KATZMAN, and on his oath states as follows:

The affiant has consulted and reviewed the facts of the case with a health professional who

the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular

action; (ii) practices or has practiced within the last six (6) years or teaches or has taught within

the last six (6) years in the same area of healthcare or medicine that is at issue in the particular

action; and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section

8-2501; the reviewing health professional has determined in a written report, after a review of the

medical records and other relevant material involved in the particular action that there is a

reasonable and meritorious cause for the filing of such actions; and that the affiant has concluded

PLAINTIFF'S
EXHIBIT
**R**

on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

A copy of the physician's written report is attached to this Affidavit and labeled as Exhibit "S".

STEVEN E. KATZMAN, #01414321
Attorney for Plaintiffs

Subscribed and sworn to before me this __14th__ day of ____March____, 2016.

_____
Notary Public

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 FAX

OFFICIAL SEAL
LINDA REICHLING
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/21/16

## REPORT

I, DR. _____ affirm that I am a doctor licensed to practice medicine in all of its branches in the State of _____ and currently have my office at _____

I am Board Certified in the field of obstetrics and gynecology. I am presently engaged in the practice of gynecology and obstetrics. I have practiced in the same area of gynecology and obstetrics that is an issue in this particular case within the last six (6) years and more specifically for greater than fifteen (15) years. I further affirm that I am knowledgeable and qualified by experience and have demonstrated competence in the relevant issues and subject matter of this case. I further affirm that I reviewed the medical records and other relevant materials of GABRIELLE RUIJNE.

As a result of this review, I have concluded that there is a reason to believe that the evaluation, care and treatment of GABRIELLE RUIJNE, by SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, by and through its physicians, residents, other agents and/or employees, failed to meet the standards of good medical care and that a reasonable and meritorious cause of action exists.

Based upon a review of the medical records and other relevant material and using my experience as a doctor licensed to practice gynecology and obstetrics, SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, by and through its physicians, residents, other agents and/or employees, failed to provide the reasonable and necessary standard of care which could be expected under similar circumstances, including:

      a.     Failed to deliver Amelia Claire Ruijne in a timely manner;

      b.     Failed to determine that a cesarean section was required in a timely manner;

      c.     Failed to perform a cesarean section in a timely manner;

      d.     Failed to recognize that Amelia Claire Ruijne was not tolerating labor;



PLAINTIFF'S EXHIBIT S

e.      Failed to adequately and properly respond to Gabrielle's contractions and fetal heart rate;

f.      Failed to appreciate that Gabrielle's prolonged, inefficient labor was increasing her risk for a postpartum hemorrhage;

g.      Failed to adequately and properly address Gabrielle Ruijne's risks for postpartum hemorrhage;

The above conduct represents a deviation from the appropriate standard of care. It is my opinion that the injuries sustained by GABRIELLE RUIJNE could have been prevented if SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, by and through its physicians, residents, other agents and/or employees, would have provided the proper treatment.

It is my further opinion that GABRIELLE RUIJNE sustained injuries as a direct result of the negligence and breach of the standard of care by SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, by and through its physicians, residents, other agents and/or employees.

I further affirm that I have reported these findings to Steven E. Katzman, Attorney at Law, who has consulted with me in anticipation of filing a lawsuit to establish the right of the Plaintiff and her family relations thereto. I specifically reserve the right to supplement my opinions in this case as additional information becomes available.

Date:_____

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

GABRIELLE RUIJNE, Individually and as )
Independent Administrator of the Estate of )
AMELIA CLAIRE RUIJNE, deceased )
and MARCELL RUIJNE, )
 )
     Plaintiffs, )
 )
vs. ) 16-L-
 )
ST. ELIZABETH'S HOSPITAL OF THE ) **PLAINTIFFS DEMAND TRIAL**
HOSPITAL SISTERS OF THE THIRD ) **BY JURY**
ORDER OF ST. FRANCIS, )
an Illinois Not-for-Profit Corporation )
d/b/a ST. ELIZABETH'S HOSPITAL, )
HSHS MEDICAL GROUP, INC., SAINT )
LOUIS UNIVERSITY, a Not-for-Profit )
Corporation, SOUTHERN ILLINOIS )
HEALTHCARE FOUNDATION, )
INC., MARJORIE GUTHRIE, M.D., and )
JENNIFER RAY, M.D., )
 )
     Defendants. )

## AFFIDAVIT

Now comes STEVEN E. KATZMAN, and on his oath states as follows:

The affiant has consulted and reviewed the facts of the case with a health professional who

the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular

action; (ii) practices or has practiced within the last six (6) years or teaches or has taught within

the last six (6) years in the same area of healthcare or medicine that is at issue in the particular

action; and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section

8-2501; the reviewing health professional has determined in a written report, after a review of the

medical records and other relevant material involved in the particular action that there is a

reasonable and meritorious cause for the filing of such actions; and that the affiant has concluded

PLAINTIFF'S
EXHIBIT
T

on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

A copy of the physician's written report is attached to this Affidavit and labeled as Exhibit "U".

STEVEN E. KATZMAN, #01414321
Attorney for Plaintiffs

Subscribed and sworn to before me this **14th** day of **March**, 2016.

Notary Public

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 FAX

OFFICIAL SEAL
LINDA REICHLING
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 07/21/16

## REPORT

I, DR.                     affirm that I am a doctor licensed to practice medicine in all of its branches

in the State of          and currently have my office at

I am Board Certified in the field of obstetrics and gynecology. I am presently engaged in the practice of

gynecology and obstetrics. I have practiced in the same area of gynecology and obstetrics that is an issue

in this particular case within the last six (6) years and more specifically for greater than fifteen (15) years.

I further affirm that I am knowledgeable and qualified by experience and have demonstrated competence

in the relevant issues and subject matter of this case. I further affirm that I reviewed the medical records

and other relevant materials of GABRIELLE RUIJNE.

As a result of this review, I have concluded that there is a reason to believe that the evaluation, care

and treatment of GABRIELLE RUIJNE, by MARJORIE GUTHRIE, M.D., failed to meet the standards of

good medical care and that a reasonable and meritorious cause of action exists.

Based upon a review of the medical records and other relevant material and using my experience as

a doctor licensed to practice gynecology and obstetrics, MARJORIE GUTHRIE, M.D., failed to provide the

reasonable and necessary standard of care which could be expected under similar circumstances, including:

     a.    Failed to deliver Amelia Claire Ruijne in a timely manner;

     b.    Failed to determine that a cesarean section was required in a timely manner;

     c.    Failed to perform a cesarean section in a timely manner;

     d.    Failed to recognize that Amelia Claire Ruijne was not tolerating labor;

     e.    Failed to adequately and properly respond to Gabrielle's contractions and fetal heart rate;

     f.    Failed to appreciate that Gabrielle's prolonged, inefficient labor was increasing her risk for a postpartum hemorrhage;



PLAINTIFF'S EXHIBIT

U

g.    Failed to adequately and properly address Gabrielle Ruijne's risks for postpartum hemorrhage;

The above conduct represents a deviation from the appropriate standard of care. It is my opinion that the injuries sustained by GABRIELLE RUIJNE could have been prevented if MARJORIE GUTHRIE, M.D., would have provided the proper treatment.

It is my further opinion that GABRIELLE RUIJNE sustained injuries as a direct result of the negligence and breach of the standard of care by MARJORIE GUTHRIE, M.D..

I further affirm that I have reported these findings to Steven E. Katzman, Attorney at Law, who has consulted with me in anticipation of filing a lawsuit to establish the right of the Plaintiff and her family relations thereto. I specifically reserve the right to supplement my opinions in this case as additional information becomes available.

Date:_____

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

GABRIELLE RUIJNE, Individually and as )
Independent Administrator of the Estate of )
AMELIA CLAIRE RUIJNE, deceased )
and MARCELL RUIJNE, )
         )
       Plaintiffs, )
         )
vs. )      16-L-142
         )
ST. ELIZABETH'S HOSPITAL OF THE )   **PLAINTIFFS DEMAND TRIAL**
HOSPITAL SISTERS OF THE THIRD )   **BY JURY**
ORDER OF ST. FRANCIS, )
an Illinois Not-for-Profit Corporation )
d/b/a ST. ELIZABETH'S HOSPITAL, )
HSHS MEDICAL GROUP, INC., SAINT )
LOUIS UNIVERSITY, a Not-for-Profit )
Corporation, SOUTHERN ILLINOIS )
HEALTHCARE FOUNDATION, )
INC., MARJORIE GUTHRIE, M.D., and )
JENNIFER RAY, M.D., )
         )
       Defendants. )

## AFFIDAVIT

Now comes DANIEL C. KATZMAN, and on his oath states as follows:

The affiant has consulted and reviewed the facts of the case with a health professional who

the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular

action; (ii) practices or has practiced within the last six (6) years or teaches or has taught within

the last six (6) years in the same area of healthcare or medicine that is at issue in the particular

action; and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section

8-2501; the reviewing health professional has determined in a written report, after a review of the

medical records and other relevant material involved in the particular action that there is a

reasonable and meritorious cause for the filing of such actions; and that the affiant has concluded



PLAINTIFF'S
EXHIBIT
V

on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

A copy of the physician's written report is attached to this Affidavit and labeled as Exhibit "W".

_____
DANIEL C. KATZMAN, #6306299
Attorney for Plaintiffs


Subscribed and sworn to before me this 17th day of May_____, 2016.

_____
Notary Public

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois 62220
(618) 235-2110
(618) 235-2117 FAX

OFFICIAL SEAL
LINDA REICHLING
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/21/16

# REPORT

I, .                              , affirm that I am a doctor licensed to practice medicine in all of

its branches in the State of                    and the State of                    and currently have my office at

I am Board Certified in the field of Pediatrics and

Neonatal/Perinatal Medicine.  I am presently engaged in the practice of Neonatal and Perinatal Medicine.

I have practiced in the same area of Neonatal and Perinatal Medicine that is an issue in this particular case

within the last six (6) years and more specifically for greater than forty (40) years.  I further affirm that I

am knowledgeable and qualified by experience and have demonstrated competence in the relevant issues

and subject matter of this case. I further affirm that I reviewed the medical records regarding the labor and

delivery of GABRIELLE RUIJNE and birth of AMELIA CLAIRE RUIJNE.

As a result of this review, I have concluded that there is a reason to believe that the evaluation, care,

treatment, and resuscitation of AMELIA CLAIRE RUIJNE, by JENNIFER RAY, M.D. failed to meet the

standards of good medical care and that a reasonable and meritorious cause of action exists.

Based upon a review of the medical records and other relevant material and using my experience as

a doctor licensed to practice neonatal and perinatal medicine, JENNIFER RAY, M.D., failed to provide the

reasonable and necessary standard of care which could be expected under similar circumstances, including:

    a.    Failed to properly resuscitate Amelia Claire Ruijne;

    b.    Failed to properly intubate Amelia Claire Ruijne;

    c.    Failed to intubate Amelia Claire Ruijne in a timely fashion;

    d.    Failed to utilize the proper sized endotracheal tube during resuscitation;

    e.    Failed to utilize the proper sized umbilical catheter during resuscitation;

    f.    Failed to adequately perform CPR in a timely fashion;

    g.    Failed to administer epinephrine in a timely fashion;



PLAINTIFF'S EXHIBIT

W

> h.     Failed to administer epinephrine in a proper fashion;
>
> i.     Failed to recognize and/or discover the meconium stained fluid in Amelia Claire Ruijne in a timely fashion;
>
> j.     Failed to suction the meconium stained fluid from Amelia Claire Ruijne's airway;
>
> k.     Failed to follow the standard of the Neonatal Resuscitation Program Guidelines;
>
> l.     Failed to summon more skilled personnel for resuscitation.

It is my opinion that the above represent deviations from the appropriate standard of care and a reasonable and meritorious cause of action exists against Jennifer Ray, M.D.

I further affirm that I have reported these findings to Steven E. Katzman, Attorney at Law, who has consulted with me in anticipation of filing a lawsuit to establish the right of the Plaintiff and her family relations thereto. I specifically reserve the right to supplement my opinions in this case as additional information becomes available.

Date:_____

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

GABRIELLE RUIJNE, Individually and as )
Independent Administrator of the Estate of )
AMELIA CLAIRE RUIJNE, deceased )
and MARCELL RUIJNE, )
                    )
       Plaintiffs, )
                    )
vs. )    16-L-142
                    )
ST. ELIZABETH'S HOSPITAL OF THE )    **PLAINTIFFS DEMAND TRIAL**
HOSPITAL SISTERS OF THE THIRD )    **BY JURY**
ORDER OF ST. FRANCIS, )
an Illinois Not-for-Profit Corporation )
d/b/a ST. ELIZABETH'S HOSPITAL, )
HSHS MEDICAL GROUP, INC., SAINT )
LOUIS UNIVERSITY, a Not-for-Profit )
Corporation, SOUTHERN ILLINOIS )
HEALTHCARE FOUNDATION, )
INC., MARJORIE GUTHRIE, M.D., and )
JENNIFER RAY, M.D., )
                    )
       Defendants. )

**A F F I D A V I T**

FILED
ST. CLAIR COUNTY
MAY 1 8 2016
22    *Natalie A. Clay*
CIRCUIT CLERK

STATE OF ILLINOIS    )
                        )   SS
COUNTY OF ST. CLAIR   )

      This Affidavit is made pursuant to Supreme Court Rule 222(b).  Under the penalties of

perjury as provided by Section 1-109 of the Code of Civil Procedure, the undersigned certifies that

the money damages sought by the Plaintiff herein do exceed Fifty Thousand Dollars ($50,000.00).

                                       _____
                                       STEVEN E. KATZMAN #01414321
                                       DANIEL C. KATZMAN #6306299
                                       Attorneys for Plaintiffs
                                       **PLAINTIFFS DEMAND TRIAL BY JURY**

KATZMAN & SUGDEN, LLC
300 South Charles Street
Belleville, Illinois  62220
(618) 235-2110
(618) 235-2117 FAX